Rocco Fata, Appellant, *v.* S. A. Healy Company, Respondent.

Argued November 23, 1942; decided January 14, 1943.

*Sidney H. Reich* for appellant. Plaintiff sues as a third party beneficiary of a contract by which defendant agreed to pay a definite, stipulated wage to workmen in the class to which plaintiff belongs. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Seaver* v. *Ransom*, 224 N. Y. 233; *Little* v. *Banks*, 85 N. Y. 258; *Pond* v. *New Rochelle Water Co.*, 183 N. Y. 330; *Farnsworth* v. *Boro Oil & Gas Co.*, 216 N. Y. 40; *Smyth* v. *City of New York*, 203 N. Y. 106; *Matter of International Ry. Co.* v. *Rann*, 224 N. Y. 83; *Merchants Mut. Casualty Co.* v. *U. S. F. & G. Co.*, 253 App. Div. 151; *McClare* v. *Massachusetts Bonding & Ins. Co.*, 266 N. Y. 371; *Strong* v. *American Fence Construction Co.*, 245 N. Y. 48.) A minimum rate of wages was fixed in advance and made part of the contract. (*Corti* v. *Wexler*, 159 Misc. 116; *People* v. *Roschli*, 275 N. Y. 26; *People* v. *Gluck*, 188 N. Y. 167; *Witherbee* v. *Bowles*, 201 N. Y. 427; *Dyer* v. *Broadway Central Bank*, 252 N. Y. 430; *Hauser* v. *Bartow*, 273 N. Y. 370; *Kujek* v. *Goldman*, 150 N. Y. 176; *Rozell* v. *Rozell*, 281 N. Y. 106; *People* v. *Herson*, 255 App. Div. 645; *People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1.)

*William F. Bleakley, Chester A. Slocum* and *James D. Hopkins* for respondent. An employee who seeks redress for claimed violations on the part of his employer, of the provisions of section 220 *et seq.* of the Labor Law, must comply with the statutory pro-

visions in order to obtain relief, and such provisions are an exclusive remedy. (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359; *Matter of Carr* v. *Kern*, 279 N. Y. 42; *McGrail* v. *City of New York*, 171 Misc. 55; *Anderson* v. *City of New York*, 243 App. Div. 731.) The provisions of the contract relied upon by the appellant were required by the statute to be included in the contract. (*Simson* v. *Brown*, 68 N. Y. 355; *Fosmire* v. *National Surety Co.*, 229 N. Y. 44; *Merrill* v. *Green*, 55 N. Y. 270; *Beveridge* v. *N. Y. El. R. R. Co.*, 112 N. Y. 1; *Moody* v. *Tomasello Constr. Corp.*, 259 App. Div. 723; *People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1; *McGowin* v. *Menken*, 223 N. Y. 509; *Alexander* v. *Equitable Life Assur. Society*, 233 N. Y. 300; *Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271.)

*William C. Chanler, Corporation Counsel of City of New York* (*Edmund H. H. Caddy* and *Paul E. Fusco* of counsel), *amicus curiæ.* Sections 220–223 of article 8 of the Labor Law (Cons. Laws, ch. 31) do not provide an exclusive remedy where the person aggrieved by the breach of contract made for his benefit would have a cause of action without aid of the statute, while under the statute, where the rate of wages to be paid has been determined as in the instant case, an action such as that stated in the complaint herein is good. (*Matter of Gaston* v. *Taylor*, 274 N. Y. 359; *Lawrence* v. *Fox*, 20 N. Y. 268; *Rooney* v. *Brogan Constr. Co.*, 107 App. Div. 258.) A laborer whose wages are fixed by a contract between his employer and a municipality for the performance of public work has a cause of action for breach of the wage provisions of the contract when the breach causes him loss. (*Lawrence* v. *Fox*, 20 N. Y. 268; *Schermerhorn* v. *Vanderheyden*, 1 Johns. 139; *Dutton* v. *Poole*, 1 Ventris, 318; *Pine* v. *Norris*, 24 Car. 2; *Rockwoods Case*, 1 Cro. 163; *Seaver* v. *Ransom*, 224 N. Y. 233; *Little* v. *Banks*, 85 N. Y. 258.)

LEHMAN, Ch. J. The plaintiff alleges in his complaint, among other things, that he was employed by the defendant as a " pump operator " upon public work which the defendant had agreed to perform for the city of New York under a contract made by the defendant with the Board of Water Supply of the city. He seeks in this action to recover the difference between the wages which the defendant paid to him, and wages " at the prevailing rate "

as set forth in a " schedule of wages " filed by the fiscal officer of the city, before the commencement of the advertisement for bids on the public works proposed to be constructed.

Section 220 (subd. 3) of the Labor Law (Cons. Laws, ch. 31) (L. 1921, ch. 50 as amd. by L. 1935, ch. 300) provides that " the wages to be paid for a legal day's work * * * to laborers, workmen or mechanics upon such public works, shall be not less than the prevailing rate of wages * * * " and that each contract made by a contractor for such public works " shall contain a provision that each laborer, workman or mechanic * * * shall be paid the wages herein provided." In the same subdivision the Labor Law further provides: " It shall be the duty of the fiscal officer * * * to ascertain and determine the schedule of wages to be paid workmen, laborers and mechanics on each such public work, prior to the time of the advertisement for bids, and such schedule of wages shall be annexed to and form a part of the specifications for the work. Such fiscal officer shall file with the department having jurisdiction such schedule of wages to the time of the commencement of the advertisement for bids on all public works proposed to be constructed. * * * ."

The Labor Law in later sections of the same article provides a statutory method for enforcing the statutory obligation to pay wages at not less than the prevailing rate. The plaintiff has not chosen to use that method. Instead he seeks by common-law action to recover the wages which it is alleged were due to him. The defendant, contending that the statutory remedy is exclusive, moved to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action. By a divided court the Appellate Division reversed an order of Special Term denying the motion to dismiss and granted the motion. By permission of the Appellate Division the plaintiff appeals upon a certified question from the order of the Appellate Division and appeals also from the final judgment dismissing the complaint.

Upon this appeal we assume, arguendo, that if the obligation of the defendant to pay wages " not less than the prevailing rate " existed only by fiat of the Legislature, the remedy provided by the Legislature for violation of the obligation it has created would be exclusive. Indeed the plaintiff does not seriously contend other-

wise. He alleges in his complaint that the *contract* entered into by the defendant with the Board of Water Supply "provides amongst other things that the defendant shall comply with the Labor Law of the State of New York, and that the wages to be paid by the defendant to its laborers, mechanics or workmen shall be not less than the prevailing rate * * *" and that the said "mechanic or workman * * * shall receive and be paid a rate of wages not to be less than that shown in Appendix II as fixed by the Comptroller of the City of New York, the fiscal officer in charge, in accordance with Chapter 300 of the Laws of 1935 of the State of New York; said Appendix II being attached to and made part of the contract aforementioned" and that "Appendix II * * * required the defendant to pay as a minimum rate for pump operator * * * the sum of $1.37½ an hour." The alleged wrong for which the plaintiff in this action seeks compensation is "That during the period plaintiff was so employed as a pump operator, he received wages based on a rate of only $.87½ an hour for the work performed by him which was less than the stipulated and minimum prevailing rate of wages of $1.37½ an hour as provided in said contract for the class of work performed by the plaintiff as aforesaid, and which rate the defendant agreed in said contract to pay for such work." The problem here presented is whether a common-law action may be maintained by an employer for breach of the *agreement* contained in the contract between the employer and the Board of Water Supply.

The statutory mandate that a contractor must pay laborers upon public works wages at least at the prevailing rate was intended for the direct benefit of laborers as well as for the indirect benefit of the State, municipal corporation or public agency which is the other party to the contract. For that reason the statute gives to laborers a statutory remedy for violation of that command. It cannot be doubted that provisions requiring the contractor to pay such wages are also inserted in the contract, whether voluntarily or under compulsion of the statute, for the benefit of the laborers as well as for the benefit of the public body which is a party to the contract. The Appellate Division has, nevertheless, rejected the contention that a laborer, not a party to the contract, may enforce provisions of the contract inserted therein for his benefit, on the

ground that " it must appear that the parties to the contract intended that such third party would be benefited. Where the provisions of the contract relied upon are included pursuant to the command of the statute, no such voluntary intention can be inferred (*People ex rel. Rodgers* v. *Coler*, 166 N. Y. 1)." (263 App. Div. 725, 726.)

In the cited case this court said: " The fact that certain provisions of the Labor Law were actually incorporated into the contract signed by the contractor cannot change or add anything to the strength of the position assumed by the city. * * * If the law is valid it governs the contract and the rights of the parties whether actually incorporated into the writing or not, since all contracts are assumed to be made with a view to existing laws on the subject. If it is not valid the contractor has not made it so by stipulating in writing to obey it and prescribing the penalty for his own disobedience which is the forfeiture of all rights under the agreement. It is not in the power of the Legislature to protect an invalid law from judicial scrutiny by providing that it must receive the assent of the parties to every contract to which it relates." (p. 9.)

It seems plain that nothing that was said or decided in that case indicates that where a *valid* statute requires the insertion of provisions intended for the protection of laborers or other groups in contracts relating to matters which are subject to regulation by the State, no contractual obligation is created which may be enforced by action brought by one of the group for whose benefit the provisions have been inserted. No rule so broad is justified by reason or authority, though in many cases — perhaps in most cases — limitations not only of the scope of the statutory obligation but also of the remedy for its violation may apply also to the contractual obligation formulated in the same language.

No such problem is here presented. Here the agreement which the parties have inserted in their contract is not an agreement merely to pay wages at an unfixed rate not less than the " prevailing rate " as defined by the statute, but an agreement to pay wages at rates fixed in accordance with the statute and set forth in a schedule of wages annexed to the contract. The obligation thus assumed by the contractor is precise, and extends beyond the scope of the statutory

obligation. The statutory remedy provided for breach of the statutory obligation would be an inadequate and unsuitable remedy for a violation of this contractual obligation. An intention that the statutory remedy should be used for violation of the contractual obligation cannot be read into the statute by any reasonable construction. It would, indeed, render futile the contractual obligation.

The judgment of the Appellate Division should be reversed and the order of the City Court affirmed, with costs in this court and in the Appellate Division. The appeal from the order of the Appellate Division should be dismissed.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.