Van Voobhis, J.
Defendant appeals from a judgment entered on the verdict of a jury for $3,500 additional wages for overtime and $1,106.60 counsel fee and costs, under the Federal Fair Labor Standards Act of 1938 (Act, § 7; U. S. Code, tit. 29, § 207). Plaintiff testified that during the six years prior to the commencement of the action he worked for defendants 59 hours each week as an examiner and sample maker in the clothing industry. His pay ranged from $45 a week at the commencement of said six-year period to $70 per week at the end of it.
The applicable provisions of the Fair Labor Standards Act are contained in subdivision (a) of section 7, and are that no employer shall, except as otherwise provided in that section, employ any of his employees who is engaged in commerce or in the production of goods for commerce for a work-week longer than 44 hours from October 24, 1938 through October 23, 1939, nor longer than 42 hours from October 24, 1939, through October 23,1940, nor longer than 40 hours after said last-mentioned date, unless such employee receives “ compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.” (Par. [3].)
In his second amended complaint, plaintiff alleges that he was employed on the basis of a 35-hour week prior to and throughout the said six-year period which commenced August 7,1939. That meant that the 24 hours a week which he claimed to have worked *342 in excess of 35 hours would all constitute overtime and, on that theory of fact, was not paid for at all, either at the rate of time and one-half or otherwise. In his original complaint plaintiff did not mention having been employed for a regular work-week of 35 hours, but refers to his having worked by the week without specifying the number of hours. In his first amended complaint, he alleged that he was employed for a 44-hour week, a 42-hour week and a 40-hour week during the years specified in the Fair Labor Standards Act.
The trial court instructed the jury that if they found that plaintiff was employed for a 35-hour week, then his regular hourly rate would be determined by dividing his weekly salary by 35, and ruled that in that event he had been paid nothing for overtime, and would be entitled to recover for all time worked in excess of the statutory maximum number of hours at one and one-half times the regular hourly rate. Although alleging plaintiff to have been employed throughout on a 35-hour week, the complaint does not demand the unpaid wages to which plaintiff would be entitled for the overtime hours worked in excess of 35 hours and less than the statutory maximum of 44, 42 and 40 hours per week, which would constitute a contractual obligation if plaintiff’s theory of fact were correct, but the complaint is based solely on the right growing out of the statute to be paid time and one-half for the hours worked in excess of the statutory maximum. It is not clear how plaintiff worked for six years without asking or receiving any wages for the 24 hours a week during which it is claimed that he was employed in excess of 35 hours a week, nor how his regular rate of pay could have been determined by regarding all of the wages which he received as having been intended to apply only to the said 35 hours; but it is not necessary to analyze further that aspect of the case, inasmuch as the court is satisfied that there is no evidence in the record that plaintiff was employed on a 35-hour work-week basis. No written or oral contract was testified to have existed between the parties specifying a 35-hour work-week, nor did plaintiff claim in either of his two previous complaints that he ever worked on such a basis. The only circumstance on which such a contention is founded is a 1943-1948 collective bargaining agreement with a labor union. That contract called for a 35-hour week, and stated that no overtime work should be permitted. Plaintiff did not join this union until February 7,1941.
Assuming that there was a union contract for an earlier period than 1943-1948 containing similar provisions, and even if plaintiff could have taken advantage of it prior to February 7, *343 1941, when he joined the union, he does not sue on the collective bargaining agreement as a third party beneficiary (Fata v. Healy Co., 289 N. Y. 401), but on an alleged individual oral hiring agreement of himself by the defendants. Neither the complaint nor either of the amended complaints declares on such a labor contract with the union, and the wages which he states that he was paid exceed what was provided by said agreement for examiners on a 35-hour week. The labor agreement manifestly is not the foundation of his action, and the circumstance that it specified a 35-hour week, with no overtime to be worked, is not evidence that plaintiff was hired on that basis.
It is not true, as contended by respondent,-that defendants’ general manager, Samuel Rosenbach, conceded that he was employed on a 35-hour weekly basis. Rosenbach was asked on cross-examination:
“ Q. Well, was he to work more than 35 hours a week or less than 35 hours? A. He was to work a week. Q. What was a week, how many hours ? A. No specified hours. ’ ’ Plaintiff himself did not testify to more than that he claimed to have been hired on a 35-hour week, after having made conflicting claims in two prior pleadings. He testified to no conversation with any one representing the defendants, either at the time when he was first employed or later, in which it was stated that he was employed to work on a 35-hour week basis. He testified that when he began in May, 1938, he worked during the first week until 4:30 p.m. (the quitting time for those on a 35-hour weekly basis), but that he was then told by one of the defendant partners that he was not a union man and must work longer for the money a week which he was then receiving, which he did. It is clear that plaintiff’s contention is an after-thought that there was ever an agreement of employment between him and the defendants for a 35-hour week, and that question should not have been submitted to the jury.
The trial court correctly instructed the jury that if they found that plaintiff was not employed on a 35-hour week, they were to compute his regular hourly wage by dividing the weekly wage which he received by the number of hours which the jury found that he worked during the same week. (Overnight Motor Co. v. Missel, 316 U. S. 572, 580.) They were further instructed correctly that he was entitled to one and one-half times his regular pay for all time worked in excess of the maximum number of hours provided by the Pair Labor Standards Act. But such a computation is made on the theory that plaintiff has been paid at the rate of his regular pay for the statutory overtime hours *344 wMch he worked, as well as for his regular time. That means that what he is short is one half of the regular hourly rate for his overtime, after allowing for what he has already been paid. The extra half is needed in order to make up the time and a half for overtime which he was entitled to receive under the Fair Labor Standards Act. This may have been what the trial court intended to charge, but what the jury were told, in event that they found that the plaintiff was employed for a week of no specified hours, was as follows: “ Then, once you have determined the regular hourly rate, you compute the overtime hourly rate, which is one and one-half times the regular hourly rate. Then you compute the overtime wages due by multiplying the overtime hourly rate by the total number of hours you find that plaintiff worked in excess of the statutory maximum during the entire period of his employment. ’ ’ This was error, since, as has been stated, plaintiff had already been paid, on this theory, at the basic rate for his overtime, and he was entitled only to an additional one half of his base pay for the statutory overtime which he worked. The jury were told that he was entitled to an additional one and one-half times his base pay multiplied by the number of hours of overtime that he worked. This error is duly presented by exception and request.
The amounts claimed by plaintiff for unpaid overtime on the basis of 59 hours a week were $9,777.56, on the theory of an employment throughout on the basis of a 35-hour week, and $6,108.24 on the theory of an employment throughout with no definite number of hours per week. The jury’s verdict of $3,500 indicates that they did not credit the plaintiff with the full 59 hours per week which he claimed on either theory, but, unfortunately, it is impossible to ascertain from the verdict the number of hours of overtime which the jury found that the plaintiff did work. That is due to the circumstance that one cannot know whether the jury determined that he was employed on the basis of a 35-hour week or not, which question was left open to them in the charge. The evidence is inconclusive concerning how many hours he worked, and consists mainly of plaintiff’s own testimony based upon his unaided memory.
A new trial must be granted in order to enable the jury to determine, besides any other material questions of fact which may be presented by conflicting evidence or interested testimony, how many hours plaintiff did work in excess of the statutory maxima, and to compensate him for them, if they compensate him at all, by allowing, in addition to what he has already been paid, one half of the regular hourly pay, determined by dividing *345 the weekly wages received by the number of hours worked for such respective weeks.
The judgment should be reversed and a new trial granted, with costs to appellants to abide the event.
Dore, J. P., Cohn, Callahan and Shientag, JJ., concur Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.