12-4901-cv
Ramos et al. v. SimplexGrinnell LP

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2013

(Argued:  September 4, 2013          Decided:  January 23, 2014)

Docket No. 12-4901-cv

────────────────────

ROBERTO RAMOS, FRANK RODRIGUEZ, JOSE LUIS MALDONADO, JOSE FERNANDEZ, CHRIS MAIETTA, RANDY WRAY, ROGELIO SMITH, AGBAN AGBAN, YADIRA GONZALEZ, MAXIMO ESTRELLA, JR., JAIME OY ARVIDE, NACIM BENNEKAA, BRENO ZIMERER, OMAR FLOREZ, individually and on behalf of all other persons similarly situated,

*Plaintiffs-Appellants,*

− v. −

SIMPLEXGRINNELL LP, JOHN DOE BONDING COMPANIES, #1-3,

*Defendants-Appellees.*[*]

────────────────────

Before: CALABRESI, LIVINGSTON, and CHIN, *Circuit Judges*.

───────────

[*] The Clerk of the Court is directed to amend the caption as set out above.

Appeal from portions of a June 21, 2011 memorandum and order of the United States District Court for the Eastern District of New York granting summary judgment in favor of SimplexGrinnell LP on breach of contract claims relating to its failure to pay to the plaintiffs prevailing wages for testing and inspection work they performed. Because New York courts have not made clear whether such work is covered under the New York Labor Law, or whether an agency interpretation, covering such work prospectively only, determines whether it applied during the period covered in the litigation, we CERTIFY two questions to the New York Court of Appeals.

RAYMOND C. FAY (Taryn Wilgus Null, *on the brief*), Mehri & Skalet, PLLC, Washington, D.C., Bruce E. Menken and Jason Rozger, Beranbaum Menken LLP, New York, New York, *for Plaintiffs-Appellants.*

EDWARD CERASIA, II (Dominick C. Capozzola, *on the brief*), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, New York, *for Defendants-Appellees.*

CALABRESI, *Circuit Judge*:

This case raises two questions of New York State law that are unsettled and of importance to the relationship between the State's administrative agencies and its courts, as well as to the functioning of New York's labor law. It asks, first, whether a court should give deference not only to an agency's substantive interpretation of a statute arising from an unrelated proceeding but also to its decision to enforce that interpretation only prospectively. And it asks, second, whether contracts committing parties to pay prevailing wages pursuant to section 220 of the New York Labor Law ("NYLL") need to specify—when the scope of the statute's coverage is unclear to the parties—what particular work the prevailing wages will be paid for. At oral argument, the Appellees stated that certification would be useful and appropriate. We agree, and we certify two questions to the New York Court of Appeals. *See* N.Y.C.R.R. § 500.27(a).

## BACKGROUND

This case was brought by workers who installed, maintained, repaired, tested, and inspected fire alarm and suppression systems in

public and private buildings in New York for SimplexGrinnell LP ("Simplex"). They claimed that, since at least February of 2001, Simplex did not pay them "prevailing wages" for their labor on "public works" in violation of NYLL section 220.

Though the case was initially brought in New York State court in 2007, it was removed to the United States District Court for the Eastern District of New York, where the parties consented to the jurisdiction of Magistrate Judge Steven Gold. Among other things, the plaintiffs brought third-party breach of contract claims based on Simplex's failure to pay prevailing wages.

Because the plaintiffs had chosen to bring a third-party breach of contract suit in court, rather than in an Article 78 proceeding before the Department of Labor ("DOL"), *see* N.Y. C.P.L.R. § 7803, that agency had no formal role in the proceeding. However, while the litigation was ongoing, Simplex turned to the DOL and, on its own, asked for clarification. The plaintiffs were not privy to these communications between Simplex and the DOL.

As part of these communications, Simplex provided the DOL with matrices reflecting *its* views of what work was "covered" by the statute and therefore entitled to the payment of prevailing wages, and what work was not. In the matrices provided by Simplex, testing and inspection work was not listed as covered. The DOL posted the matrices on its website.

Subsequently, however, then-Commissioner of the DOL, Patricia Smith, ordered the matrices removed, and decided to issue an opinion letter on the matter. In that letter, the DOL concluded that testing and inspection work was "covered" work under section 220 of the NYLL and hence entitled to payment of the prevailing wage. Joint App'x at 330-33. The DOL reached this conclusion because, *inter alia*, testing and inspection work was a form of "maintenance work," a category that is covered under the statute. *Id.* at 330-31. The opinion letter noted that both New York State and Simplex's own documents had treated testing and inspection work as within the category of "maintenance" work. *Id.* at 331-32.

But the DOL also stated that there had been "much confusion" as to whether it had earlier interpreted testing and inspection work as being covered and, for this reason, decided to enforce its decision prospectively

only. *Id.* at 332. The opinion letter, issued on December 31, 2009, went into effect on the following day: January 1, 2010. *Id.*

After the DOL issued its opinion letter to Simplex, the parties completed discovery in the Eastern District and filed cross-motions for summary judgment. Simplex relied on the DOL's opinion letter in its motion.

The district court granted Simplex's motion to dismiss the plaintiff's claims relating to testing and inspection work. *Ramos v. SimplexGrinnell LP*, 796 F. Supp. 2d 346, 367-69 (E.D.N.Y. 2011).[1] The court focused principally on the DOL's opinion letter, and ruled that deference was due *both* to the conclusion reached in the letter—that testing and inspection work was to be paid prevailing wages—and to its decision to enforce that conclusion prospectively only. *Id.* at 368. That is, the district court held that the plaintiffs' testing and inspection claims for the period of the litigation could not proceed since the agency, in its own enforcement subsequent to

---

[1] The district court denied Simplex's motion for summary judgment with regard to the claims for *non*-testing and inspection work—that is, for the payment of prevailing wages for work done servicing, installing, maintaining, and repairing fire alarm and suppression systems. *Ramos*, 796 F. Supp. 2d at 362-66. As to these, the court also certified the class of approximately 600 plaintiffs. *Id.* at 361. These claims were later settled.

its December 31, 2009 ruling, was requiring that prevailing wages only be paid prospectively. The district court reached this result because "[t]here was nothing irrational or unreasonable about the Commissioner's decision to classify [testing and inspection] work as covered but to require that prevailing wages be paid only prospectively." *Id.*

The district court also held that, under the circumstances, the plaintiffs' *third-party breach of contract* claim could not be brought for the testing and inspection work. *Id.* at 368-69. Here, its reasoning was more complicated. The court stated that when it allowed the plaintiffs' claims to proceed on their *non*-testing and inspection work, *see* footnote 1, it had reasoned that since Simplex *had contracted* to pay a prevailing wage for such covered work, the plaintiffs could bring a third-party breach of contract claim for unpaid prevailing wages for such work. *Id.* at 365. The district based this conclusion on: (1) the notion that it is typically understood by parties such as Simplex, when they take on public works projects, that they need to pay the prevailing wages mandated by law; and (2) the fact that some of Simplex's contracts *did*, in fact, contain provisions binding it to pay the prevailing wage. *Id.* at 362-65.

7

While the district court found that Simplex had *generally* agreed to pay prevailing wages in entering into its contracts, it nonetheless held that in light of the uncertainty at the time surrounding testing and inspection work, Simplex could not have had "reason to believe it would be required to pay prevailing wages for testing and inspection work it contracted to perform." *Id.* at 368. "Thus, absent a provision in a particular contract explicitly requiring that testing and inspection work" be covered, there was "no basis for concluding" that Simplex had agreed to pay prevailing wages for such work. *Id.* The district court's reasoning therefore appeared to be that a general agreement to pay the wages required by the statute applied only to work that was clearly understood by the parties to be covered by the statute *at the time the contract was made* and not to work subsequently held to be covered.

The plaintiffs appeal the district court's grant of summary judgment against them on the testing and inspection claims. We review that grant *de novo. See Mullins v. City of New York*, 653 F.3d 104, 113 (2d Cir. 2011).

**DISCUSSION**

**I.**

Under New York law, the requirement that workers engaged in "public works" should be paid at prevailing wages reaches back at least to 1905, when Article 1, Section 17 of the State's Constitution was passed. The amendment stated that no worker "engaged in the performance of any public work, shall be . . . paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used." N.Y. CONST. art. I. § 17.

The portion of the NYLL at issue here—section 220—is, as the district court put it, a "codification" of that amendment. *Ramos*, 796 F. Supp. 2d at 352. Section 220 has not changed in any significant way over the course of this litigation, and states that every public works contract must provide that all laborers employed by the contract will be paid prevailing wages. N.Y. LAB. LAW 220(3)(a).  It also furnishes administrative mechanisms to enforce this requirement. *Id.* § 220(3)(e). Additionally, the New York Court of Appeals has held that workers may bring common law breach of contract suits as the intended third-party beneficiaries of such

public works contracts. S*ee Fata v. S.A. Healy Co.*, 289 N.Y. 401, 404-07 (1943).

The plaintiffs here pursued the latter course. To prevail in their suit, they need to show, first, that they are "laborers, workmen, or mechanics" within the meaning of NYLL section 220, a proposition which is not disputed here. *See Erie County Indus. Dev. Agency v. Roberts*, 465 N.Y.S.2d 301, 305 (Fourth Dep't 1983), *aff'd*, 472 N.E.2d 43 (1984). Second, they must show that theirs was "covered" work—that is, work entitled to prevailing wages under the statute. *See id*.

Though the plaintiffs brought their claim to a court rather than to an agency, Simplex, during the course of the litigation, turned separately to the DOL. The DOL, in its December 31, 2009 opinion letter, answered the two very same questions posed above. The DOL ruled that (1) Simplex employees were workers within the meaning of the statute, and (2) testing and inspection were "maintenance" functions, which have long been held to be covered by NYLL section 220.  Joint App'x at 330-32.

Under New York law it is clear that, though the agency made its determination *separate* from the litigation, its conclusion is entitled to some

10

deference. In *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008), the Court of Appeals considered a DOL determination that arose apart from the litigation. While the Court of Appeals described the DOL's opinion letter as giving "support [for its] holding," it also stated that the "Labor Department's interpretation of a statute it is charged with enforcing is entitled to deference," *id*. at 79, and that the "construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld," *id*. (internal quotation marks omitted). *See also Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 470-72 (2013) (deferring to the DOL's interpretation of a statute when it arose in an agency proceeding parallel to the litigation).

Applying this reasoning to the case at hand, the DOL's "construction" of the statute as covering testing and inspection work is entitled to deference. *See Samiento*, 10 N.Y.3d at 79. What remains uncertain—and what the plaintiffs and defendants here dispute—is whether deference is due, or even appropriate, not only to the DOL's substantive construction of the statute (as covering testing and inspection

11

work) but also to its administrative decision to apply that construction in its *own enforcement* prospectively only.

The district court held that deference was due to the DOL's interpretation that testing and inspection were entitled to a prevailing wage. But it also concluded that the DOL's decision to "require that prevailing wages be paid only prospectively" was due deference in any lawsuit based on the statute. *Ramos*, 796 F. Supp. 2d at 368.  Under New York law, this conclusion may be appropriate. But it would be equally possible to conclude that the DOL did not answer the question of whether or not the statute covered testing and inspection work stretching back to 2001, when this litigation began.

In this respect, it is worth noting that (a) the statute itself did not change during the relevant time, and (b) the DOL did not say that testing and inspection work was *not* covered by the statute before its 2009 ruling. It said that there had been "much confusion in the past" about whether the DOL itself considered such work to be covered, and it only expressly held that, given this confusion, it would just apply its ruling going forward for

12

purposes of its own in agency enforcement proceedings. Joint App'x at 332.[2]

Notably, the DOL did not have before it, in an agency proceeding, any question about the past. The district court, however, *did* face just such a question, since the plaintiffs, as they were entitled to do, had brought a common law breach of contract proceeding to the court. *See Fata*, 289 N.Y. at 406. The NYLL provided judicial as well as administrative enforcement routes. Thus, unlike the agency, the court had before it a substantive question of statutory interpretation that reached back to 2001. Accordingly, it would seem perfectly possible to require the district court to defer to the

---

[2] Simplex maintains that there was no such confusion, and instead that the DOL had considered testing and inspection work not to be entitled prevailing wages before 2009. We think this a stretch. Simplex's main justification for this conclusion is that the DOL posted the matrices that did not include testing and inspection work as "covered" work on its website. These matrices, however, were made by Simplex, and even if they had any authority, they were posted in 2008, while the claims here date back to at least February of 2001. Furthermore, and indeed more importantly, it is unclear that matrices posted on the website constitute an "administrative rule, regulation, or general order," *State Div. of Human Rights v. Xerox Corp.*, 65 N.Y.2d 213, 221 (1985), qualifying as an administrative determination. Moreover, the very fact that the Commissioner of the DOL ordered the matrices *removed* and subsequently produced an opinion undermining the positions in the matrices supports the notion that before the DOL opinion, there was, at the very least, "confusion" about whether the DOL considered testing and inspection work to be covered.

13

DOL's construction of *what* the statute covered, but not to its decision relating to its own enforcement in agency proceedings.

Whatever the merits of either of these approaches, the scope of deference to be given here is unclear to us. This is especially so because—unlike a case that begins as a review proceeding under Article 78, and in which after the agency has held a hearing and has made a determination, judicial review is limited to whether that determination was arbitrary, capricious, or an abuse of discretion, *see, e.g., Toys "R" Us v. Silva*, 89 N.Y.2d 411, 419 (1996)—this case began in court. Significantly, while the Court of Appeals has made clear that *some* deference is due to an agency determination even when the case was begun in court, the deference the district court paid here related not solely to the substantive conclusion drawn by the agency but also to the agency's decision to enforce the statute in its own proceedings solely in the future. Whether such deference should be given to any agency is an unsettled matter in New York courts.

The issue, then, seems appropriate for certification. Certification permits us to invite state courts to clarify and establish their own law. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 76 (1997) ("Certification

14

procedure . . . allows a federal court faced with a novel state-law question to put the question directly to the State's highest court, reducing [] delay, cutting the cost, and increasing the assurance of gaining an authoritative response."). The decision to certify a question or not is guided by various factors, including: "(1) whether the New York Court of Appeals has addressed the issue and, if not, whether the decisions of other New York courts permit us to predict how the Court of Appeals would resolve it; (2) whether the question is of importance to the state and may require value judgments and public policy choices; and (3) whether the certified question is determinative of a claim before us." *Barenboim*, 698 F.3d at 109.

This case meets all of the above guidelines. (1) This is an issue that, so far as we can tell, has not been addressed by the New York Court of Appeals, and the limited precedents in New York courts do not tell us how New York law would resolve it. That is, the precedents make clear that deference to the substantive "construction" of the statute is appropriate, but they do not touch upon whether judicial deference to agency enforcement choices is also correct. (2) The issue, moreover, is important to how administrative determinations are weighed by New York courts in a

variety of areas of law in which cases of statutory interpretation are brought in the New York courts and in agency proceedings separately. (3) A New York Court of Appeals ruling would likely determine the claim before us.

Furthermore, certification is "especially important" in cases like this one where it seems likely that, absent certification, New York courts may be "substantially deprived of the opportunity to define state law." *Gutierrez v. Smith*, 702 F.3d 103, 116 (2d Cir. 2012). Additionally, the decision of how to treat agency determinations that are made separately from a direct legal claim, and the extent to which the agency's own prospective enforcement decision ought to bear upon that, separately brought, claim, will affect cases far beyond the particular question before us. We therefore certify this question to the New York Court of Appeals.

**II.**

We will certify a second question, as well. The district court concluded that even if it did not defer to the DOL's timetable for enforcement, summary judgment could still be granted to Simplex. *See Ramos*, 796 F. Supp. 2d at 367-68. It did so because it concluded that

16

Simplex had not contracted to pay prevailing wages for the relevant work. *Id.* at 368. Accordingly, the plaintiffs could not succeed on their third-party *breach of contract* claims. *Id.* But this conclusion is, itself, not clearly supported by existing New York precedents.

New York courts have held that, in order for workers to bring a third-party breach of contract claim under NYLL section 220, the contract between the employer and the municipality must expressly state that a prevailing wage will be paid. *See, e.g., Fata,* 289 N.Y. at 406-07 (holding that the contractual obligation to pay the prevailing wages provided by the statute provides workers with the third-party enforcement rights); *Maldonado v. Olympia Mech. Piping & Heating Corp.,* 777 N.Y.S.2d 730, 731 (2d Dep't 2004) (a third party claim can be brought when the "contract between the employer and the municipality expressly provides for the [prevailing] wages to be paid"); *see also Seidel v. Hoffman Floor Covering Corp.,* No. 09-cv-4027(js)(wdw), 2012 WL 3064153 (E.D.N.Y. July 26, 2012) ("New York courts have indicated that a breach of contract claim depends on the actual insertion of Section 220's prevailing wage language into the contract").

The district court here, in denying Simplex's motion for summary judgment on the *non*-testing and inspection claims, concluded that at least some of the relevant contracts did expressly bind Simplex to pay prevailing wages. *Ramos*, 796 F. Supp. 2d at 364-65. But the court also concluded that, in light of the confusion surrounding testing and inspection work, a commitment to pay a prevailing wage did not expressly extend to testing and inspection work. *Id.* at 368.

We are uncertain as to whether this approach is correct under New York law. New York law does require that the parties *provide in the contract* that prevailing wages be paid. *See, e.g., Fata*, 289 N.Y. at 405-06. But it is far from clear that *more* than a general contractual promise to pay prevailing wages is required when the scope of section 220 is uncertain. Indeed, we are doubtful that it is. At least as plausible a reading of the statute would seem to be that when an employer agrees to be bound to pay prevailing wages pursuant to section 220 of the NYLL, that employer has agreed to pay such a wage for all work that is covered by the statute as the statute is reasonably interpreted. Simplex, that is, agreed to be bound to pay prevailing wages for every kind of work that NYLL section 220 covered.

18

And the meaning of the statute, as determined by an appropriate agency or court interpretation, sets the boundaries of that agreement.

The notion that parties entering into a contract "are presumed to accept all the rights and obligations imposed on their relationship by state (or federal) law," *Resolution Trust Corp. v. Diamond*, 45 F.3d 665, 673 (2d Cir. 1995), is well-settled. Hence the district court could just as easily have concluded that Simplex, having agreed to be bound by section 220 of the NYLL, also contracted to be bound by what the statute was ultimately read to require, even if that requirement was not clear to the parties when the contract was signed.

Nevertheless, we cannot say, based on New York law as it is today, that this reading of the parties' obligations would prevail over that applied by the district court. This issue, therefore, seems ripe for certification. (1) The Court of Appeals has not addressed the question. (2) The issue is one of importance that will recur for both workers and employers as they enter into contracts and attempt to enforce NYLL section 220, since the answer will determine the contours of how much an express, but general agreement binds the parties. (3) The answer to this question would

determine, regardless of how the first question in this case is answered, whether the plaintiffs can bring their breach of contract claims, and hence, whether they can prevail. *See, e.g., Barenboim*, 698 F.3d at 109 (outlining the guidelines of certification analysis). For these reasons, we also certify this question to the New York Court of Appeals.

**III.**

Because this case involves two important, determinative, and unsettled issues of New York State law, each of which will likely recur as courts attempt to divine the proper measure of deference to agency determinations and the requirements of public works contracts, we deem it appropriate to CERTIFY the following two questions to the New York Court of Appeals:

1. What deference, if any, should a court pay to an agency's decision, made for its own enforcement purposes, to construe section 220 of the NYLL prospectively only, when the court is deciding the meaning of that section for a period of time arising before the agency's decision?

2. Does a party's commitment to pay prevailing wages pursuant to NYLL section 220 bind it to pay those wages only for work activities that were clearly understood by the parties to be covered by section 220, or does it require the party to pay prevailing wages for all the work activities that are ultimately deemed by a court or agency to be "covered" by that portion of the statute?

The Court of Appeals may, of course, rephrase, expand, or cabin these questions as it wishes. We welcome whatever guidance it is inclined to offer.

It is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate in the form attached, together with a copy of this opinion and a complete set of the briefs, appendices, and record filed by the parties in this Court. This panel will retain jurisdiction to decide the case once we have had the benefit of the

views of the New York Court of Appeals, or once that court declines certification.

**CERTIFICATE**

The foregoing is hereby certified to the Court of Appeals of the State of New York pursuant to Second Circuit Local Rule 27.2 and New York Codes, Rules, and Regulations Title 22, § 500.27(a), as ordered by the United States Court of Appeals for the Second Circuit.