=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 160
Roberto Ramos, et al., &c.,
            Appellants,
        v.
SimplexGrinnell LP, et al.,
            Respondents.

                Raymond C. Fay, for appellants.
                Peter O. Hughes, for respondents.
                New York State Department of Labor, <u>amicus</u> <u>curiae</u>.

SMITH, J.:

        The United States Court of Appeals for the Second

Circuit has asked us what deference a court should pay to an

agency's decision, made for its own enforcement purposes, to

- 1 -

construe a statute prospectively only.  The agency in question,
the New York State Department of Labor, has submitted an amicus
brief to us in which it renounces any claim to deference in this
litigation.  This leads us to give a narrow answer to the Second
Circuit's question: We will not give the agency more deference
than it claims for itself.

**I**

In this lawsuit, the federal courts have been called on
to interpret New York's "prevailing wage" statute, which requires
that certain employees upon "public works" be paid "not less than
the prevailing rate of wages" as defined by law (Labor Law § 220
[3] [a]).  The statute has been held applicable only to workers
employed in construction, maintenance or repair work (see Matter
of Golden v Joseph, 307 NY 62, 66-67 [1954]); Matter of Pinkwater
v Joseph, 300 NY 729 [1950]).  The dispute between the parties,
to the extent relevant here, is whether workers engaged in the
testing and inspection of certain fire protection equipment are
covered by the statute.  On December 31, 2009, the Department's
Commissioner issued an opinion letter saying that the workers
were covered, but that:

> "because there has been much confusion in the
> past about the Departments [sic] position as
> to the applicability of the prevailing wage
> law to this work, this opinion shall be
> applied prospectively to contracts that are
> put out for bid after January 1, 2010."

The Second Circuit held that the Department's
"substantive construction of the statute (as covering testing and

inspection work)" is entitled to deference (<u>Ramos v</u>
<u>SimplexGrinnell LP</u>, 740 F3d 852, 856 [2d Cir 2014]).  The court
was in doubt, however, as to whether it should defer to the
Department's ruling that its opinion would be applied
prospectively only, and it therefore certified the following
question to us:

> "What deference, if any, should a court pay
> to an agency's decision, made for its own
> enforcement purposes, to construe section 220
> of the [New York Labor Law] prospectively
> only, when the court is deciding the meaning
> of that section for a period of time arising
> before the agency's decision?"

(<u>Id.</u> at 859.)

In its amicus brief in this Court, the Department
asserts that no deference is due to it by the courts deciding
this litigation.  It says that its prospectivity ruling "has no
relevance to a private contract action such as this one" and
therefore "provides no occasion for deference" (Amicus Brief for
the New York State Department of Labor at 16, 17).  We conclude
that this determines our answer to the Second Circuit's question.
We will not give the agency more deference than it is asking for.
It is inherent in the very idea of deference to an administrative
agency that the agency has determined that its view of the law
merits deference.

We add a word to make clear the very limited nature of
our decision.  The agency appears to assume that, while it
renounces deference in "private litigation," it may nevertheless

seek deference when the issue is "its own enforcement of Labor Law § 220" (id. at 15-16). Thus, it seems that in the Department's view a court that did not defer to the agency in a suit initially brought in court would nevertheless defer in its review of an administrative determination -- so that cases might come out differently, on identical facts, depending on whether they were originally lawsuits or administrative proceedings. We have no occasion to consider the correctness of this assumption. Obviously, the fact that we will not give an agency more deference than it seeks does not mean that it cannot be given less.

**II**

The Second Circuit has also asked us another question, prompted by the opinion of the federal District Court that was before it on appeal (Ramos v SimplexGrinnell LP, 796 F Supp 2d 346 [ED NY 2011]). The District Court held that, even if Labor Law § 220, correctly understood, covered testing and inspection work, plaintiffs could still not show that defendant breached its contracts with public entities to pay prevailing wages as required by section 220. The District Court's reasoning was that, because of the acknowledged confusion surrounding this question until the Commissioner's opinion was issued, defendant did not have reason to believe when it entered the contracts that its obligation included testing and inspection work (id. at 368).

The Second Circuit doubted the correctness of the

District Court's conclusion, saying:

> "At least as plausible a reading of the statute would seem to be that when an employer agrees to be bound to pay prevailing wages pursuant to section 220 . . . that employer has agreed to pay such a wage for all work that is covered by the statute as the statute is reasonably interpreted" (740 F3d at 859).

The Second Circuit therefore certified to us the question:

> "Does a party's commitment to pay prevailing wages pursuant to [New York Labor Law] section 220 bind it to pay those wages only for work activities that were clearly understood by the parties to be covered by section 220, or does it require the party to pay prevailing wages for all the work activities that are ultimately deemed by a court or agency to be 'covered' by that portion of the statute?"  (Id. at 859-860.)

We adopt the reading that the Second Circuit found "[a]t least as plausible" as the alternative.  An agreement to comply with a statute is an agreement to comply with it as correctly interpreted, whether or not the correct interpretation was known to the parties at the time of contracting.  This is particularly clear where, as here, a contractual clause agreeing to comply is required by the statute itself (see Labor Law § 220 [2]).  The Legislature surely meant that the parties must agree to comply with the law as correctly understood, not as the parties may have misunderstood it.

The certified questions should be answered in accordance with this opinion.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Following certification of questions by the United States Court of Appeals for the Second Circuit and acceptance of the questions by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified questions answered in accordance with the opinion herein.  Opinion by Judge Smith.  Chief Judge Lippman and Judges Graffeo, Read, Pigott, Rivera and Abdus-Salaam concur.


Decided October 23, 2014