12-4901-cv
*Ramos v. SimplexGrinnell LP*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2013

Argued: September 4, 2013
Decided: December 4, 2014

No. 12-4901-cv

_____

ROBERTO RAMOS, FRANK RODRIGUEZ, JOSE LUIS MALDONADO, JOSE FERNANDEZ, CHRIS MAIETTA, RANDY WRAY, ROGELIO SMITH, AGBAN AGBAN, YADIRA GONZALEZ, MAXIMO ESTRELLA, JR., JAIME OY ARVIDE, NACIM BENNEKAA, BRENO ZIMERER, OMAR FLOREZ, individually and on behalf of all other persons similarly situated who are or were employed by SimplexGrinnell LP with respect to Public Works Project mentioned in this Complaint,

*Plaintiffs-Appellants*,

- v. -

SIMPLEXGRINNELL LP, JOHN DOE BONDING COMPANIES, #1-3,

*Defendants-Appellees.*

_____

Before:     CALABRESI, LIVINGSTON and CHIN, *Circuit Judges*.

1

Appeal from portions of a June 21, 2011 memorandum and order of the United States District Court for the Eastern District of New York (Gold, *M.J.*) granting summary judgment in favor of SimplexGrinnell LP on breach of contract claims relating to its failure to pay to Plaintiffs prevailing wages for testing and inspection work they performed. Following response by the New York Court of Appeals on the questions we certified, we vacate the portions of the June 21, 2011 memorandum and order from which Plaintiffs appeal and remand the case to the district court.

VACATED in part AND REMANDED.

RAYMOND C. FAY (Taryn Wilgus Null, *on the brief*), Mehri & Skalet, PLLC, Washington, D.C., Bruce E. Menken and Jason Rozger, Beranbaum Menken LLP, New York, NY, *for Plaintiffs-Appellants.*

EDWARD CERASIA, II (Dominick C. Capozzola, *on the brief*), Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, NY, *for Defendants-Appellees*.

PER CURIAM:

Plaintiffs-Appellants appeal from portions of a June 21, 2011 memorandum and order of the United States District Court for the Eastern District of New York (Gold, *M.J.*), granting summary judgment in favor of Defendants-Appellees SimplexGrinnell LP ("Simplex") and John Doe Bonding Companies #1-3 (collectively "Defendants"), on breach of contract claims relating to Simplex's failure to pay

Plaintiffs-Appellants prevailing wages for testing and inspection work they performed. We set forth the underlying facts and procedural history of this case in *Ramos v. SimplexGrinnell LP*, 740 F.3d 852 (2d Cir. 2014) [hereinafter "*SimplexGrinnell I*"]. In *SimplexGrinnell I*, we certified two questions: (1) "whether a court should give deference not only to an agency's substantive interpretation of a statute arising from an unrelated proceeding but also to its decision to enforce that interpretation only prospectively"; and (2) "whether contracts committing parties to pay prevailing wages pursuant to section 220 of the New York Labor Law ('NYLL') need to specify—when the scope of the statute's coverage is unclear to the parties—what particular work the prevailing wages will be paid for." *Id.* at 853. The Court of Appeals accepted certification. *Ramos v. SimplexGrinnell LP*, 5 N.E.3d 34 (N.Y. Feb. 13, 2014). The Court of Appeals answered the first question narrowly, holding that it "will not give the agency more deference than it claims for itself." *Ramos v. SimplexGrinnell LP*, No. 160 (N.Y. Oct. 23, 2014), available at 2014 WL 5368782 (N.Y. 2014) [hereinafter "*SimplexGrinnell II*"]. Because the agency in question, the New York Department of Labor ("NYDOL"), has "renounce[d] any claim to deference in this litigation," *id.*, slip op. at 2, in this case the agency's decision to construe NYLL section 220 to cover testing and inspection work only prospectively is due no

3

deference. On the second question, the Court of Appeals held that "[a]n agreement to comply with a statute is an agreement to comply with it as correctly interpreted, whether or not the correct interpretation was known to the parties at the time of contracting." *Id.*, slip op. at 5.

Given the Court of Appeals' responses to the questions we certified, we vacate the portion of the district court's decision granting Simplex's motion to dismiss Plaintiffs' claims relating to testing and inspection work and remand the case to the district court. As we explained in *SimplexGrinnell I*, it is undisputed that Plaintiffs constitute "laborers, workmen, or mechanics" within the meaning of NYLL section 220. 740 F.3d at 856 (internal quotation marks omitted). In addition, we must give deference to NYDOL's interpretation that testing and inspection work falls within the scope of NYLL section 220, *id.*, and because that interpretation is not "irrational or unreasonable," it must be upheld. *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 995 (N.Y. 2008) (internal quotation marks omitted). Thus, it is clear that the testing and inspection work done by Plaintiffs fell under the scope of NYLL section 220. And even though this was not clear at the time that the parties entered into the public works contracts at issue here, the Court of Appeals has now made clear that the contracts nevertheless required compliance with NYLL section 220 as correctly

4

interpreted, meaning that prevailing wages were required to be paid for the testing and inspection work. *SimplexGrinnell II*, slip op. at 5.

Plaintiffs argue that rather than vacating and remanding the portion of the judgment of the district court regarding Plaintiffs' claims related to the testing and inspection work, we should decide the issue of damages ourselves and award a total of $13,086,761 in damages, with amounts for each class member calculated by updating their expert's damages report to reflect the additional amounts of interest required by New York law.[1] Plaintiffs note that the settlement reached by the parties with regard to Plaintiffs' other claims precludes Defendants from challenging the district court's decision denying Simplex's motion to strike the report of Plaintiffs' expert, Dr. Crawford. Plaintiffs essentially argue that because their expert's report is admissible, there are no material issues of fact regarding damages. But while Defendants can no longer challenge the reliability of Dr. Crawford, they are still free to challenge his conclusions. And as the district court explained, Simplex has pointed out certain inconsistencies in Dr. Crawford's report and raised a question of fact regarding whether Dr. Crawford accurately distinguished hours spent on

---

[1] Plaintiffs argue in the alternative that we should remand with direction to award the specific amount of testing and inspection damages set forth above.

5

testing and inspection work from other labor hours.  Accordingly, material issues of fact remain with regard to the issue of damages and judgment is not proper at this stage.

For the foregoing reasons, the June 21, 2011 memorandum and order of the district court is hereby **VACATED** in part and **REMANDED**.