Walton v Comfort Sys. USA (Syracuse), Inc.
2026 NY Slip Op 03911
June 23, 2026
Court of Appeals
Singas, J.
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

David Walton, & c. et al., Appellants,
v
Comfort Systems USA (Syracuse), Inc., & c., Respondent.

Decided on June 23, 2026
No. 53

Jason J. Rozger, for appellants.
Jessica F. Pizzutelli, for respondent.
Alexandria Twinem, for amicus curiae New York State Department of Labor.
City of New York, New York City & Vicinity District Council of Carpenters et al., New York State Building and Construction Trades Council, AFL-CIO et al., International Union of Elevator Constructors Local Union Number One, amici curiae.

Singas, J.

[*1]
We have accepted two certified questions from the United States Court of Appeals for the Second Circuit concerning third-party beneficiary breach of contract claims to enforce the right of a public works project employee to receive a prevailing wage under the Labor Law. We hold that Labor Law § 220 makes such claims available regardless of the underlying contract's language and that given the unique status of the constitutional and statutory right to a prevailing wage, agreements to shorten limitation periods in public works contracts are unenforceable against such claims. We answer the Second Circuit's questions accordingly.
I.
Defendant employed plaintiffs as technicians who installed, maintained, inspected, tested, repaired, and replaced fire alarms, fire sprinklers, and security system equipment. Defendant entered contracts for fire alarm testing and inspection services with various New York public works customers. All of the contracts included a clause providing that "[n]o action shall be brought against [defendant] more than one year after accrual of the cause of action." Some contracts stated that they were entered into with the "understanding that the services to be provided by [defendant] are not required to be paid under any local, state, or federal prevailing wage statute." Some stated that the "contract amount is based on our regular labor rates, if prevailing wage applies contact our office immediately for a revised [a]greement." Two contracts provided a yearly fee and stated that the "proposal amount is based on prevailing wage rates." And several contracts were silent on whether defendant would pay a prevailing wage.
Plaintiffs brought this putative class action in federal court, asserting claims including third-party beneficiary breach of contract claims for failure to pay prevailing wages. Defendant moved for partial summary judgment, arguing that these claims failed because the contracts did not state that plaintiffs were entitled to prevailing wages, the claims were time-barred by the one-year contractual limitation period, and plaintiffs were not entitled to a prevailing wage under Labor Law § 220.
The United States District Court for the Northern District of New York granted defendant's motion (see 2020 WL 950288, 2020 US Dist LEXIS 34038 [ND NY, Feb. 27, 2020, 5:17-CV-0359 (LEK/ATB)]). The court held that plaintiffs' third-party beneficiary breach of contract claims were time-barred, rejecting plaintiffs' contention that the contractual one-year limitation period was void as against public policy (see 2020 WL 950288, *5, 2020 US Dist LEXIS 34038, *13-14). The court alternatively concluded that plaintiffs could not enforce the prevailing wage requirement as third-party beneficiaries because the contracts did not express promises to pay them prevailing wages (see 2020 WL 950288, *5-6, 2020 US Dist LEXIS 34038, *14-17). Finally, as a further alternative holding, the court concluded that plaintiffs were not entitled to prevailing wages under Labor Law § 220 (see 2020 WL 950288, *7, 2020 US Dist LEXIS 34038, *19-21).
On plaintiffs' appeal, the Second Circuit, relying on this Court's guidance in Ramos v SimplexGrinnell LP (24 NY3d 143 [2014]; see also NY St Dept of Labor Op No. RO-09-0180), held that plaintiffs "were entitled to prevailing wages" (155 F4th 144, 154 [2d Cir 2025]) because testing and inspecting fire alarms is "construction, maintenance[,] or repair work" within the scope of section 220 (id. at 151, quoting Ramos, 24 NY3d at 146). The court further concluded that defendant "cannot contract around the prevailing wage requirement for testing and inspection services" because " '[t]he legislature surely meant that the parties must agree to comply with the law as correctly understood, not as the parties may have misunderstood it' " (id. at 153, quoting Ramos, 24 NY3d at 148).
Regarding the District Court's other bases for granting defendant's motion, the Second Circuit, unable to predict how we would resolve the issues, certified the following questions for our review:
"(1) Is the promise to pay prevailing wages implicit in every public works contract so that individuals employed on public works projects may sue their employers for breach of contract to enforce the prevailing wage requirement under [Labor Law] § 220 even if the employer's written contract does not include the statutorily required promise to pay prevailing wages?
"(2) Are agreements to shorten the statute of limitations in public works contracts to one year enforceable against workers bringing third-party beneficiary breach of contract claims to enforce the prevailing wage law?" (Id. at 163.)FN1
II.
Article I, § 17 of the New York Constitution, first adopted in 1905, establishes that the "[l]abor of human beings is not a [*2]commodity nor an article of commerce and shall never be so considered or construed." In furtherance of that policy, section 17 provides that
"[n]o laborer, worker[,] or mechanic, in the employ of a contractor or sub-contractor engaged in the performance of any public work, shall be permitted to work more than eight hours in any day or more than five days in any week, except in cases of extraordinary emergency; nor shall [they] be paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected[,] or used" (NY Const, art I, § 17).
By the time it was reincorporated into the 1938 Constitution, section 17's mandate had "become a fixed principle in our society" and thus continued to be "embodied in our organic law" (3 Rev Rec, 1938 Constitutional Convention at 2204).
Article 8 of the Labor Law codifies and expands on this constitutional protection. Relevant here, Labor Law § 220, which predates the corresponding constitutional provision (see Campbell v City of New York, 244 NY 317, 324-325 [1927]; see also People ex rel. Rodgers v Coler, 166 NY 1 [1901] [partially invalidating pre-1905 prevailing wage law]), provides that "[t]he wages to be paid for a legal day's work . . . to laborers, workmen[,] or mechanics upon . . . public works, shall be not less than the prevailing rate of wages" (Labor Law § 220 [3] [a]). This provision "exacts the payment of the rate of wages prevailing in the vicinage to laborers and mechanics employed upon the public works" (Campbell, 244 NY at 324). Section 220 was intended to guarantee a measure of "social justice" to employees on public works projects across the State by securing humane working conditions and a fair wage (Austin v City of New York, 258 NY 113, 117 [1932]). It sought to "ensure[ ] that the winning bid on a public project is not made on the backs of the contractor's employees" (Matter of Chesterfield Assoc. v New York State Dept. of Labor, 4 NY3d 597, 601 [2005] [internal quotation marks omitted]; see Gaston v Taylor, 274 NY 359, 364 [1937]).
In 1927, the legislature added a "powerful" administrative mechanism to enforce section 220's requirements (Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney, 89 NY2d 395, 401-404 [1996]; see Labor Law § 220-b). Under that scheme, if the Bureau of Public Work and Prevailing Wage Enforcement (Bureau) finds a prevailing wage violation, a worker may file a court action to seek unpaid wages within three years from the date of the finding (see Labor Law § 220-b [3] [a]). The creation of this administrative route to recover prevailing wages, over which workers have "no control" (Sweeney, 89 NY2d at 402), did not remove or diminish workers' preexisting right to recover prevailing wages as third-party beneficiaries to public works contracts (see Wright v Herb Wright Stucco, Inc., 50 NY2d 837, 839 [1980], revg for reasons stated in Appellate Division dissenting memorandum 72 AD2d 959, 960-961 [4th Dept 1979]).
III.
With this background in mind, we address the Second Circuit's first question: whether the promise to pay prevailing wages is implicit in every public works contract covered by Labor Law § 220, so that employees of public works projects may bring third-party beneficiary breach of contract claims against their employers even when the employer's written contract does not include Labor Law § 220's statutorily required language. Generally, a party "may sue as a [third-[*3]party] beneficiary on a contract made for [their] benefit" if the contracting parties' "intent to benefit the third party . . . [is] shown"; "absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts" (Dormitory Auth. v Samson Constr. Co., 30 NY3d 704, 710 [2018], quoting Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 655 [1976]). We have, however, held that public works project employees can in some circumstances maintain common-law breach of contract actions as third-party beneficiaries of public works contracts (see Wright, 50 NY2d at 839; Fata v S.A. Healy Co., 289 NY 401, 406-407 [1943]). The first certified question asks whether a public works contract that does not explicitly acknowledge workers' right to prevailing wages, language that Labor Law § 220 requires, may still be the basis for a third-party beneficiary breach of contract action.
Labor Law § 220 provides that public work contracts "shall contain a provision that each laborer, workman[,] or mechanic, employed by such contractor, subcontractor[,] or other person about or upon such public work, shall be paid" "not less than the prevailing rate for a day's work in the same trade or occupation in the [relevant] locality within the state" (Labor Law § 220 [3] [a]). In Fata, we described this provision as "intended for the direct benefit of laborers" and held that its prevailing wage requirement is "inserted in the contract" by operation of law, "whether voluntarily or under compulsion of the statute, for the benefit of the laborers" (289 NY at 405). We have since reaffirmed that " 'where a valid statute requires the insertion of provisions intended for the protection of laborers . . . in contracts relating to matters . . . subject to regulation by the State,' a 'contractual obligation is created which may be enforced by action brought by one . . . for whose benefit the provisions have been inserted' " (Cox v NAP Constr. Co., Inc., 10 NY3d 592, 602 [2008], quoting Fata, 289 NY at 406).
Our precedent therefore makes clear that in assessing the availability of a third-party breach of contract action in this context, we focus on what Labor Law § 220 requires to be included in the contract, not what the parties chose to include. And because the statute's promise to pay prevailing wages is inserted into every covered public works contract by operation of law for covered workers' benefit (see Fata, 289 NY at 405; Cox, 10 NY3d at 602), such workers are third-party beneficiaries of the contracts. A contrary rule would enable contracting parties to cut off an avenue for the recovery of the prevailing wages required by statute (cf. Wright v State, 223 NY 44, 48 [1918]), contrary to our case law and the statute's purpose. Thus, the only answer to the first question consistent with Labor Law § 220 and our case law is that the promise to pay prevailing wages is implicit in every public works contract by operation of Labor Law § 220 (3) (a) such that an employee on a public work project is a third-party beneficiary of that contract.
IV.
We next turn to the second question regarding the enforceability of a one-year contractual limitation period against third-party prevailing wage claims. CPLR 201 requires that an action be brought within the applicable statutory period "unless a different time is prescribed by law or a shorter time is prescribed by written agreement" (see John J. Kassner & Co. v. City of New York, 46 NY2d 544, 550-551 [1979]).FN2 The Appellate Division has held—in an opinion this Court affirmed "for reasons" stated by that Court—that contractually shortened limitation periods generally apply to third-party beneficiary claims (Timberline Elec. Supply Corp. v Insurance Co. of N. Am., 72 AD2d 905, 906 [4th Dept 1979], affd for reasons stated below 52 NY2d 793 [1980]; see also Dunning v Leavitt, 85 NY 30, 34-36 [1881]; Restatement [First] of Contracts § 140 ["There can be no . . . beneficiary . . . unless a contract has been formed between a promisor and promisee; and . . . the right of a donee beneficiary or creditor beneficiary under the contract [*4]is subject to the same limitation(s)"]). This general rule is a natural consequence of a contractual third party's right to recovery existing solely by virtue of the parties' agreement. Under ordinary circumstances, unless otherwise specified by the parties, a third party's contractual rights can be no greater than the contractual rights of the parties themselves.
However, in the unique context of third-party claims to enforce Labor Law § 220's prevailing wage requirements, the contractual benefit flows from a statutory command. Indeed, as we have explained, Labor Law § 220 compels contractual recognition of a worker's right to sue as a third-party beneficiary for the worker's protection. Applying the general rule to allow contracting parties to limit workers' ability to recover prevailing wages without the workers' input or agreement would be plainly inconsistent with the statute's purpose. We therefore hold that an agreement in a public works contract to shorten the limitation period governing third-party claims for prevailing wages guaranteed by Labor Law § 220 is not enforceable.
* * *
Accordingly, the first certified question should be answered in the affirmative, and the second certified question should be answered in the negative.
Following certification of questions by the United States Court of Appeals for the Second Circuit and acceptance of the questions by this Court pursuant to section 500.27 of this Court's Rules of Practice, and after hearing argument by counsel for the parties and consideration of the briefs and record submitted, first certified question answered in the affirmative and second certified question answered in the negative. Opinion by Judge Singas. Chief Judge Wilson and Judges Rivera, Garcia, Cannataro, Troutman and Halligan concur.
Decided June 23, 2026

Footnotes

Footnote 1
We accepted the certified questions (see 44 NY3d 999 [2025]).

Footnote 2
Given the scope of the Second Circuit's question, we have no occasion here to determine the statutory limitation period applicable to third-party beneficiary prevailing wage claims.