■ RAYMOND WRIGHT et al., Individually and on Behalf of All Others Similarly Situated, Respondents, v HERB WRIGHT STUCCO, INC., Defendant, and JEWEL BUILDERS, INC., et al., Appellants.—Order reversed, without costs, motion granted, and complaint dismissed. Memorandum: Defendant Jewel Builders was the general contractor for the Perinton Residential Project. According to its contract with Perinton-Fairport Houses, Inc., a subsidiary of the New York State Urban Development Corporation, Jewel Builders was required to pay "prevailing wages" and to impose the same obligation on each of its subcontractors. Plaintiffs worked on the Perinton Residential Project as employees of the Herb Wright Stucco, Inc., a subcontractor of Jewel Builders. Alleging that they were paid less than the "prevailing wage", these plaintiffs sought to enforce their rights as third-party beneficiaries of the contract between Jewel Builders and Perinton-Fairport Houses, Inc. Jewel Builders and Perinton-Fairport Houses, Inc., moved to dismiss the complaint, contending that plaintiffs' sole and exclusive remedy is the statutory enforcement proceeding found in the Labor Law. They appeal Special Term's order denying their motion, and we reverse. Plaintiffs have no common-law cause of action against appellants. The dissenters, in upholding plaintiffs' right to sue as third-party beneficiaries, rely upon *Fata v Healy Co.* (289 NY 401). In that case the Court of Appeals stated quite clearly (in dicta, to be sure) that employees do not have a common-law contractual right based upon a provision in the contract that the "contractor shall pay prevailing wages" as defined by section 220 of the Labor Law. In *Fata* the action was permitted because the contract contained not only a general reference to "prevailing wages", as here, but also a "schedule of wages" filed by the fiscal officer before the contract was bid and executed which stated plaintiff's hourly rate. The Court of Appeals held that since the wages were set forth in a schedule, the obligation was fixed and a common-law action was proper. In doing so, however, the court distinguished the case from others, such as the one before us now, which contain only a reference to "prevailing wages". It stated: "It seems plain that nothing that was said or decided in *[People ex rel. Rodgers v Coler,* 166 NY 1]* indicates that where a *valid* statute requires the insertion of provisions

intended for the protection of laborers or other groups in contracts relating to matters which are subject to regulation by the State, no contractual obligation is created which may be enforced by action brought by one of the group for whose benefit the provisions have been inserted. No rule so broad is justified by reason or authority, though in many cases—perhaps in most cases—limitations not only of the scope of the statutory obligations but also of the remedy for its violation may apply also to the contractual obligation formulated in the same language. No such problem is here presented. Here the agreement which the parties have inserted in their contract is not an agreement merely to pay wages at an unfixed rate not less than the 'prevailing rate' as defined by the statute, but an agreement to pay wages at rates fixed in accordance with the statute and set forth in a schedule of wages annexed to the contract" *(Fata v Healy Co., supra,* at p 406; see, also, *Olsen v Brooklyn Ash Removal Co.,* 268 NY 693). Moreover, there are persuasive policy reasons why the prevailing wages for any given locality should be determined uniformly by administrative action rather than judicially and why employers should not be subject to numerous actions by their employees when the Legislature has established an efficient and expeditious method for employees to obtain relief. All concur, except Cardamone, J. P., and Hancock, Jr., J., who dissent and vote to affirm the order, in the following memorandum.

Cardamone, J. P., and Hancock, Jr., J. (dissenting). It has long been the policy of this State that workers on public projects be paid according to the prevailing rate of wage in the locality (L 1894, ch 622, § 1). Subsequent to 1894 contractors doing business in the public sector were required to include in the contract with the public owner a provision that they would pay their employees the prevailing rate of wage. Until 1927 there was no special method by which employees could enforce this obligation. In that year the Legislature established a statutory remedy by which an interested party might initiate an administrative enforcement proceeding (L 1927, ch 563). This legislation was enacted primarily to assist private employees in enforcing their rights against their employers inasmuch as their existing common-law contractual rights entailed difficult issues of proof. Since public employees had no contractual common-law rights because they were not third-party beneficiaries to a contract, this legislation established the sole and exclusive remedy for public employees not in the graded service of the competitive class of civil service *(Matter of Corrigan v Joseph,* 304 NY 172; *Matter of Gaston v Taylor,* 274 NY 359; see *Matter of Yerry v Goodsell,* 4 AD2d 395, affd without opn 4 NY2d 999). Although at one time there may have been speculation that this statutory remedy superseded and extinguished private employees' common-law contractual causes of action (see *Olsen v Brooklyn Ash Removal,* 268 NY 693), such view, as the Court of Appeals has stated, "cannot be read into the statute by any reasonable construction" *(Fata v Healy Co.,* 289 NY 401, 407). Section 220 of the Labor Law "has as its entire aim the protection of workingmen against being induced, or obliged, to accept wages below the prevailing rate" and "must be construed with the liberality needed to carry out its beneficent purposes" *(Bucci v Village of Port Chester,* 22 NY2d 195, 201). With this in mind, it is incongruous to hold, as the majority does, that this ameliorative statute actually had the effect of removing a remedy which workers had heretofore possessed. Instead, the statute simplified and implemented the worker's remedy by removing some of the burdens that a normal law suit would entail. Of course, in this case the plaintiffs will have to establish at trial the prevailing rate of wage for the locality. This is not an impossible task,

however, as the term is appropriately defined in subdivision 5 of section 220. In addition, it is a term with a lengthy judicial history and well susceptible of ascertainment *(Campbell v City of New York,* 244 NY 317). (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.