Wroble v Shaw Envtl. & Infrastructure Eng'g of N.Y., P.C. (2018 NY Slip Op 08061)





Wroble v Shaw Envtl. & Infrastructure Eng'g of N.Y., P.C.


2018 NY Slip Op 08061


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


7134 652382/15

[*1]Piotr Wroble, et al., Plaintiffs-Respondents,
v
Shaw Environmental & Infrastructure Engineering of New York, P.C., et al., Defendants, SLSCO, L.P. doing business as Sullivan Land Services, Ltd., Defendant-Appellant.


Rich, Intelisano & Katz, LLP, New York (Robert J. Howard of counsel), for appellant.
Virginia & Ambinder, LLP, New York (James E. Murphy of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered May 10, 2017, which denied the motion of defendant SLSCO, L.P. to dismiss the amended complaint as against it, unanimously affirmed, without costs.
Defendant SLSCO is a general contractor that entered into a public works contract with the New York City Department of Environmental Protection (DEP) for the repair and restoration of private homes and multiple dwellings damaged by Hurricane Sandy. SLSCO hired subcontractors, including defendant PMJ Electrical Corp. (PMJ) to perform the work required under the prime contract. SLSCO agreed in the prime contract with the DEP that workers, laborers and mechanics employed on the project by the general contractor, or by a subcontractor or other person, shall be paid prevailing wages common with the respective trades in the locality and would comply with the provisions of Labor Law § 220 concerning the payment of prevailing wages. SLSCO also inserted a clause in the prime contract prohibiting third parties from bringing any "new right of action" under the contract.
Plaintiffs are employees of PMJ. They commenced this action for breach of contract against PMJ and SLSCO, predicated upon a third-party contract beneficiary theory, alleging that PMJ failed to pay them prevailing wages as required by the terms of the prime contract (see Cox v NAP Constr. Co., Inc. 10 NY3d 592 [2008]). SLSCO moved to dismiss the cause of action against it, arguing that the express prohibition against third-party beneficiary rights relieved it of any liability, as plaintiffs were not SLSCO employees, and that either PMJ or another company would be liable for paying plaintiffs prevailing wages. This motion was denied.
Labor Law § 220(3) provides, in pertinent part, that wages paid to laborers, workers, or mechanics on a public works project shall be the prevailing rate of wages in that locality, and that the public works contracts, including subcontracts thereunder
"shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work shall be paid the wages herein". This statute "has as its entire aim the protection of workingmen against being induced, or obliged, to accept wages below the prevailing rate" and "must be construed with the liberality needed to carry out its beneficent purposes" (Wright v Wright Stucco, 72 AD2d 959, 960 [4th Dept 1979, Cardamone, J., dissenting], revd for reasons stated in dissenting memorandum, 50 NY2d 837, 839 [1980]) (quoting Bucci v Village of Port Chester, 22 NY2d 195, 201 [1968]). In keeping with this liberal reading of the statute, the courts of this state have consistently held that, in public works contracts, a subcontractor's employees have both an administrative remedy under the statute as well as a third-party right to make a breach of contract claim for underpayment [*2]against the general contractor (Cox, 10 NY3d at 601-604; see also Wright at 910; Fata v S.A. Healy Co., 289 NY 401 [1943]; Strong v American Fence Constr. Co., 245 NY 48, 53 [1927]). Given these precedents, the contract clause prohibiting third-party actions for violation of prevailing wage payments would be void as against public policy (see e.g. Cox, supra; City of New York v 17 Vista Assoc., 84 NY2d 299, 306 [1994]).
SLSCO's argument that Labor Law § 220(3) has no application to the type of services to be provided under the prime contract, is admittedly unpreserved. Were we to reach it, we would find the record is inadequate to make a determination as to whether plaintiffs had a claim of right to prevailing wages for the work they performed (see De La Cruz v Caddell Dry Dock & Repair Co. Inc., 21 NY3d 530, 538 [2013]; U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 146 AD3d 603 [1st Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK