| **Machuca v Collins Bldg. Servs., Inc.** |
| --- |
| 2024 NY Slip Op 30816(U) |
| March 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651676/2023 |
| Judge: Gerald Lebovits |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. GERALD LEBOVITS**                    PART                    07

*Justice*

------------------------------------------------------------------------------X

MICHAEL MACHUCA and MICHAEL LEWIS,

                              Plaintiffs,

                      - v -

COLLINS BUILDING SERVICES, INC.,

                           Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651676/2023 |
| MOTION DATE | 02/28/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion for                       DISMISSAL              .

*Virginia & Ambinder, LLP*, New York, NY (Lloyd R. Ambinder and Jenny S. Brejt of counsel), for plaintiffs.
*Jackson Lewis P.C.*, White Plains, NY (Rebecca M. McCloskey of counsel), for defendant.

Gerald Lebovits, J.:

       In this putative class action, named plaintiffs Michael Machuca and Michael Lewis have sued defendant, Collins Building Services, Inc. Plaintiffs allege that Collins breached contractual provisions made for plaintiffs' benefit that assertedly required Collins to pay them prevailing wages for their labor. Collins moves under CPLR 3211 (a) (1) and (a) (7) to dismiss the complaint in its entirety or, in the alternative, to dismiss plaintiffs' class claims. The motion is denied.

## BACKGROUND

       Plaintiffs have alleged that they were employed by Collins. In that capacity, they contend, they performed "various types of exterior and interior building cleaning and maintenance work" at the MetroTech complex in Brooklyn, pursuant to contracts between Collins and "the City of New York or agents of the City of New York." (NYSCEF No. 1 at ¶¶ 6-7.) Plaintiffs further allege that under the contracts between Collins and the City, Collins was required to pay plaintiffs the prevailing wages for their cleaning and maintenance work, but did not do so; and that plaintiffs may bring a third-party beneficiary claim against Collins for this alleged breach of contract. (*See id.* at ¶¶ 12-15.)

       Collins moves to dismiss under CPLR 3211. Collins's motion relies on the affidavit of its vice president of human resources. (*See* NYSCEF No. 13.) The affidavit attaches copies of what

[* 1]

it represents to be copies of the relevant contracts. (*See id.* at ¶¶ 4-6; NYSCEF Nos. 14-18.) Plaintiffs do not dispute this representation.

The contracts each recite that Collins is agreeing to provide janitorial cleaning services to First New York Partners Management, LLC, as the authorized agent of several LLCs and partnerships that own different buildings and areas within the MetroTech complex.[1] The contracts do not reference the City of New York as a party. Nor do they indicate that any of the entities named in the contracts as Collin's counterparties are contractors or subcontractors of the City. And the contracts do not include any express undertaking by Collins to pay prevailing wages. At most, they provide that Collins "shall, in the conduct of its operations, comply with all applicable laws, orders and regulations of any governmental and/or quasi-governmental authorities having jurisdiction over the Services being provided by Contractor hereunder." (NYSCEF No. 15 at § 6.)

## DISCUSSION

As an initial matter, the complaint is evidently inaccurate in having alleged, on information and belief, that Collins's contracts "set forth the terms and conditions for paying prevailing rates of wages and supplemental benefits to the Plaintiffs." (NYSCEF No. 1 at ¶ 12.) It also appears somewhat doubtful that the complaint is correct in alleging that Collins or its agents entered into "publicly financed contracts . . . with the City of New York." (*Id.* at ¶ 2.) This court does not view these discrepancies as themselves rendering the complaint subject to dismissal. The sufficiency of the complaint, though, must be judged on the actual terms of the contracts as supplied on this motion, not on the complaint's descriptions of those contracts.

Collins argues that the complaint must be dismissed under CPLR 3211 because (i) plaintiffs may not sue to enforce the contracts as third-party beneficiaries; and (ii) plaintiffs are not entitled to prevailing wages in any event. Collins also argues, in the alternative, that the class claims asserted in the complaint must be dismissed as foreclosed by CPLR 901 (b). These arguments are unpersuasive.

## I.    Collins's Argument that Plaintiffs May Not Sue as Third-Party Beneficiaries

Collins contends first that plaintiffs may not bring third-party beneficiary claims alleging that it breached its janitorial contracts by failing to pay plaintiffs prevailing wages, because those contracts do not contain provisions that expressly require payment of prevailing wages. (*See* NYSCEF No. 12 at 5-7.) That is, Collins asserts, a third-party beneficiary prevailing-wage claim "will only survive a motion to dismiss where a prevailing wage provision is included in the contract that creates a contractual obligation pursuant to which a contractor's employees have standing to become third-party beneficiaries to the contract." (*Id.* at 6.) Absent "prevailing wage language in the subject contract," Collins says, "a plaintiff's third-party beneficiary claim must be dismissed." (*Id.*)

---

[1] The affidavit represents that a different company later acquired the umbrella organization of those LLCs and partnerships; and that Collins has since performed its contractual janitorial services for the acquiring company. (NYSCEF No. 13 at ¶ 5.)

Collins's contention fails. It is foreclosed by the Court of Appeals's decision in *Filardo v Foley Bros., Inc.* (297 NY 217 [1948], *revd on other grounds sub nom Foley Bros, Inc. v Filardo* 336 US 281 [1949]), and the decision of the Appellate Division, First Department, in *Lewis v Hallen Construction Co., Inc.* (193 AD3d 511 [1st Dept 2021]).

*Filardo* involved a claim for overtime pay brought by an employee of a federal-government contractor. The underlying contract included a provision under which "defendants agreed to 'obey and abide by all applicable laws . . . of the United States.'" (297 NY at 219 [quoting contract].) The employee alleged that defendants had failed to pay him overtime pay in violation of an applicable federal law. (*Id.* at 219-220.) The Appellate Division, reversing a jury verdict in the employee's favor, held that the claim was subject to dismissal because the federal overtime-pay law at issue did not give rise to a private right of action. (*Filardo v Foley Bros, Inc.*, 272 AD 446, 448-449 [1st Dept 1947].)

The Court of Appeals, rejecting the Appellate Division's legal conclusion, held first that the statute should be construed as including an implied private right of action. (297 NY at 221-225.) But the Court then went on to hold that "quite apart from the cause of action given by the statute," the employee "clearly has a right to sue on the basis of the contract between defendants and the Federal Government." (*Id.* at 225.) Because defendants, "by their contract with the government, expressly agreed to 'obey and abide by all applicable laws . . . of the United States,'" including the overtime statute, the contract, "when related to the statute, was, in effect, a promise to pay extra compensation for overtime work, and entitled an aggrieved laborer or mechanic to enforce that promise as a third party beneficiary."[2] (*Id.* at 225-226.)

Similarly, Collins's contracts at issue here include an express commitment to comply with all applicable laws and regulations of any governmental authority with jurisdiction over Collins's contractual services. If an applicable law or regulation required Collins to pay prevailing wages to its employees providing services pursuant to the contract, those employees may sue to enforce that prevailing-wage requirement as third-party beneficiaries.

Collins attempts to distinguish *Filardo* on the ground that the employee in that case was hired to perform work "pursuant to a contract his employer had directly with the federal government." (NYSCEF No. 25 at 5.) Collins does not explain, though, why this distinction should make a difference. That the employee was working pursuant to a federal contract would affect only whether the overtime statute at issue applied to the employee's work (*see* 297 NY at 219-220)—not the employee's right to bring a third-party beneficiary claim to enforce the contract's implicit incorporation of the obligations of federal statutes where they applied.

Collins does not provide any authority since *Filardo* that would undermine its binding effect on this court. At most, Collins identifies a decision of the Court of Appeals, and one of the

---

[2] The U.S. Supreme Court reversed the Court of Appeals's decision in *Filardo* on the ground that the federal overtime statute did not apply to work performed by employees of a private contractor in a foreign country. The Court therefore expressly declined to reach the third-party beneficiary issue. (*See* 336 US at 284-291.)

3

Appellate Division, Second Department, holding that an employee may sue as a third-party beneficiary to enforce contracts that expressly incorporate prevailing-wage requirements imposed by statute. (*See* NYSCEF No. 12 at 6, citing *Wright v Herb Wright Stucco, Inc.*, 50 NY2d 837, 839 [1980], *revg on op below*, 72 AD2d 959, 960-961 [4th Dept 1979] [Cardamone, P.J., and Hancock, J., dissenting]; *Stennett v Moveway Transfer & Stor., Inc.*, 97 AD3d 655, 656-657 [2d Dept 2012].) That these decisions have held express contractual incorporation of prevailing-wage requirements to be *sufficient* to support a third-party beneficiary claim does not, as Collins suggests, mean that this kind of express incorporation language is *necessary* to support a claim. Nor does any language in *Wright*, *Stennett*, or the cases cited in those decisions indicate that express incorporation language is necessary.[3]

In any event, the First Department's 2021 decision in *Hallen Construction* reaffirms *Filardo*'s holding that a contract's implicit or indirect incorporation of statutory wage requirements will support an employee's third-party beneficiary claim. That case, like this one, involves a breach-of-contract claim for failure to pay prevailing wages, brought by asserted third-party beneficiaries of a construction contract. Before the motion court, defendant argued under CPLR 3211 (a) (2) that jurisdiction was absent as a matter of federal labor preemption, because resolving plaintiffs' claims assertedly required interpreting the terms of related collective-bargaining agreements. (*See Lewis v Hallen Constr. Co., Inc.*, 2019 NY Slip Op 31205[U], at *1-2 [Sup Ct, NY County 2019].) Supreme Court (Jaffe, J.) rejected that argument. One of the two construction contracts at issue included a "provision mandating compliance with all applicable federal and state laws" and thus, "perforce, include[d] an agreement to pay statutorily mandated wage rates"—giving rise to a third-party contractual "right to prevailing wages . . . independent of the collective bargaining agreements."[4] (*Id.* at *3, citing *Filardo*, 297 NY at 225.) The court then went on to deny the contractor's CPLR 3212 request for summary judgment, concluding that the contractor had not made out a prima facie case for judgment as a matter of law because plaintiffs had viable claims to "payment of prevailing wages deriv[ing] from their status as third-party beneficiaries to utility contracts." (*Id.* at *4.)

On appeal, the contractor argued again that plaintiffs' claims were preempted. In challenging the motion court's conclusion that plaintiffs could rely on a contract's "general requirements that the parties abide by all federal, state and local laws," the contractor contended that these requirements were "legally insufficient to convert [plaintiffs'] claims to prevailing wage claims" absent an independent basis to require the contractor to pay prevailing wages. (Br. for Defendant-Appellant, *Hallen Constr.*, 2020 WL 9216008, at *35 [1st Dept Oct. 4, 2020].) In advancing this contention, the contractor asserted that *Filardo* was distinguishable and that "the

---

[3] To the extent that the U.S. Court of Appeals for the Second Circuit has interpreted these cases as imposing an express-incorporation requirement (*see Ramos v SimplexGrinnell LP*, 740 F3d 852, 858 [2d Cir 2014] [citations omitted]), this court respectfully disagrees with the Second Circuit's interpretation.

[4] The other construction contract directly and expressly required payment of prevailing wages required by New York City Administrative Code § 19-142, which in turn incorporated by reference Labor Law § 220. (*See* Br. for Plaintiffs-Respondents, *Hallen Constr.*, 2020 WL 9216009 at *12 [1st Dept Dec. 9, 2020] [quoting contract language].)

[* 4]

lower court erred in its reliance on *Filardo* to create a state law cause of action where none exists." (*Id.* at *36.)

The First Department affirmed. (193 AD3d 511.) The court held that the motion court had correctly held that plaintiffs' claims were not preempted because they rested on an independent third-party-beneficiary contractual theory. (*See id.* at 511, citing *Wysocki v Kel-Tech Constr. Inc.*, 46 AD3d 251 [1st Dept 2007].) The statutory prevailing-wage requirements, the First Department found, applied to plaintiffs' work "pursuant to both Administrative Code of City of N.Y. § 19-142 and a contractual provision." (*Id.*) In so doing, the First Department necessarily held that a plaintiff could rest a third-party beneficiary claim on a contractual provision that impliedly incorporated prevailing-wage requirements through mandating compliance with all applicable laws. Otherwise, the Court would have had to modify or reverse, rather than affirm, the motion court's denial of summary judgment with respect to plaintiffs' reliance on the construction contract that lacked a provision expressly incorporating prevailing-wage obligations.

In short, Collins misses the mark in arguing that plaintiffs here are categorically foreclosed from seeking to enforce the contracts in this case as alleged third-party beneficiaries. But that conclusion does not end the inquiry. Plaintiffs still must sufficiently allege for pleading purposes that their work is subject to a state or local prevailing-wage ordinance, regulation, or order: Absent such a governmental mandate, there would be nothing for the "compliance with all laws" terms in the underlying contracts to incorporate, even implicitly. The court now turns to that issue.

## II.   Collins's Argument that Plaintiffs are Not Entitled to Prevailing Wages

The allegations in plaintiffs' complaint, although brief and somewhat conclusory (*see* NYSCEF No. 1 at ¶¶ 6-15), are sufficient to state a cause of action for breach of a contractual obligation to pay prevailing wages. Indeed, Collins's own motion papers address in detail the applicability of the two prevailing-wage ordinances that could potentially apply to plaintiffs (*see* NYSCEF No. 12 at 5, 8; NYSCEF No. 25 at 2), underscoring that the complaint suffices to put Collins on notice of the basis of plaintiffs' claims.

Beyond the incorporation-by-reference issue discussed above, Collins's argument for dismissal is that the affidavit of its vice president and the exhibits to that affidavit (including the underlying janitorial contracts) show that plaintiffs lack a cause of action. (*See* NYSCEF No. 12 at 8-9; NYSCEF No. 25 at 2-4.) In substance, this argument rests on documentary evidence under CPLR 3211 (a) (1). Collins has not, however, satisfied CPLR 3211 (a) (1)'s conditions for a documentary-evidence dismissal.

A CPLR 3211 (a) (1) motion to dismiss "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002].) Evidence submitted in support of an (a) (1) motion will qualify as "documentary" only if it is "unambiguous, authentic, and undeniable," such as "judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents

5

of which are essentially undeniable." (*Phillips v Taco Bell Corp.*, 152 AD3d 806, 807 [2d Dept 2017] [internal quotation marks omitted].) On the other hand, "[a]ffidavits are not documentary evidence and are not appropriate on a CPLR 3211 (a) (1) motion to dismiss." (*Johnson v Asberry*, 190 AD3d 492, 492 [1st Dept 2021].)

At least two potential prevailing-wage provisions apply here: Labor Law § 231 and New York City Administrative Code § 6-130. Collins has not provided documentary evidence that conclusively refutes the applicability of either provision.

**1.** Labor Law § 231 (1) requires every "contractor" to pay prevailing wages to "service employee[s] under a contract for building service work." For these purposes, "building service work" includes work performed by staff such as porters, handymen, and janitors "in connection with the care or maintenance of an existing building." (Labor Law § 230 (1), (2).) A "contractor" is "any employer who employs employees to perform building service work under a contract with a public agency," including "any of the contractor's subcontractors." (*Id.* § 230 [4].) "Public agency" includes the state and any of its political subdivisions. (*Id.* § 230 [3].)

Collins argues that because its janitorial contracts, on their face, were made with private entities, rather than with the City, the State, or another public entity, those contracts fall outside the scope of Labor Law § 231. (*See* NYSCEF No. 25 at 2-3.) There is considerable force to this argument, particularly given that the contracts indicate that the owners of the MetroTech buildings are private, rather than public. (*See e.g.*, NYSCEF No. 15 at 1.) But this court is not persuaded, at least at this stage, that the contracts *conclusively* establish a defense to the applicability of Labor Law § 231. The introductory recitals of the contracts do not, for example, definitively rule out the possibility that separate contracts exist between a public agency such as the City and the building owners, under which Collins is ultimately serving as a public-agency's subcontractor in providing janitorial services. This possibility may not, on the current record, appear especially likely. Still, the court is not prepared at this early stage to hold as a matter of law that plaintiffs could not obtain and provide evidence that Collins is acting as a public-agency subcontractor for purposes of Labor Law §§ 230 and 231.

**2.** Administrative Code § 6-130 requires, among other things, that when a private entity leases space to a publicly financed New York City agency or department that is both 10,000 square feet or more *and* at least 51 percent "of the total square footage of the building to which the lease applies," the lessor must ensure that all janitorial employees at the "premises to which [the] lease pertains are paid" prevailing wages. (Admin Code § 6-130 [a], [b] [1].)

Collins contends, relying on its vice president's affidavit and the attached building diagrams, that only two buildings within the MetroTech complex come within the scope of this requirement. (*See* NYSCEF No. 12 at 2-3, 8-9, citing NYSCEF No. 13 at ¶¶ 8-13 [affidavit]; NYSCEF Nos. 19, 20 [diagrams].) Collins further contends, relying on the affidavit, that plaintiffs were assigned only to work elsewhere within the MetroTech complex. (*See* NYSCEF No. 12 at 7-9, citing NYSCEF No. 13 at ¶¶ 14-17.) But the vice president's affidavit is not documentary evidence. (*See Asberry*, 190 AD3d at 429.) Its representations cannot support a CPLR 3211 (a) (1) motion. The building diagrams do not qualify as documentary evidence, either. Collins's motion papers do not, for example, identify what entity prepared those diagrams

6

[* 6]

or what information (from which source) was used to prepare them, much less establish that the authenticity and accuracy of the diagrams is essentially undeniable.

The affidavit's representations (and supporting documents) could ultimately prove to be both accurate and sufficient to defeat plaintiffs' third-party beneficiary claims. This court expresses no opinion here on that possibility. But for purposes of the present motion, the materials submitted by Collins are not enough to warrant dismissal under CPLR 3211 (a) (1).

### III.   Collins's Argument that Plaintiffs May Not Bring Class Claims

In the alternative, Collins argues that CPLR 901 (b) forecloses plaintiffs from maintaining this action on behalf of a potential class because Administrative Code § 6-130 (e) (1) permits recovering punitive damages—thereby putatively exceeding the scope of class relief permissible under CPLR 901. (*See* NYSCEF No. 12 at 10.) This argument is groundless. As plaintiffs contend, this restriction "is inapplicable where the class representative seeks to recover only actual damages and waives the penalty on behalf of the class, and individual class members are allowed to opt out of the class to pursue their punitive damages claims." (*Downing v First Lenox Terrace Assocs.*, 107 AD3d 86, 89 [1st Dept 2013] [reversing grant of motion to dismiss].) Plaintiffs' complaint does not seek penalties (whether in the form of liquidated damages, punitive damages, or otherwise) (*see* NYSCEF No. 1 at 3); and plaintiffs represent in opposing the motion that "[s]hould this class be certified, individual members of the class will have an opportunity to opt-out and pursue liquidated damages if they so choose" (NYSCEF No. 24 at 11.) No more is required at the pleading stage.

Accordingly, it is

ORDERED that the branch of Collins's motion seeking dismissal under CPLR 3211 of the complaint in its entirety is denied; and it is further

ORDERED that the branch of Collins's motion seeking dismissal under CPLR 901 (b) and CPLR 3211 of plaintiffs' class claims is denied; and it is further

ORDERED that Collins shall serve and file an answer within 20 days of entry of this order; and it is further

ORDERED that the parties shall appear before this court for a telephonic preliminary conference on April 19, 2024.

_____3/13/2024_____
**DATE**

HON. GERALD LEBOVITS
J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

7

[* 7]