Santana v San Mateo Constr. Corp. (2025 NY Slip Op 00281)

Santana v San Mateo Constr. Corp.

2025 NY Slip Op 00281

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 650029/22 Appeal No. 3509 Case No. 2023-03571 

[*1]William Santana, Plaintiff-Appellant,
v
San Mateo Construction Corp. et al., Defendants-Respondents.

Virginia & Ambinder, LLP, New York (James Emmet Murphy of counsel), for appellant.
Murtagh, Cossu, Vendetti & Castro-Blanco, LLP, White Plains (Denise M. Cossu of counsel), for San Mateo Construction Corp., respondent.
Littler Mendelson, P.C., New York (Eli Z. Freedberg of counsel), for Consolidated Edison Company of New York, Inc., respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered June 21, 2023, which, insofar as appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint, unanimously modified, on the law, and the motions denied as to the first cause of action in its entirety and as to the second cause of action to the extent it is based on a contract between defendant Consolidated Edison Company of New York, Inc. and the City of New York, and otherwise affirmed, without costs.
The second cause of action was properly dismissed insofar as it was based solely on the Department of Transportation permit, but not insofar as it was based on an alleged underlying agreement between defendant Consolidated Edison Company of New York, Inc. and the City of New York pursuant to Administrative Code of City of NY § 19-142, for the reasons stated in Ross v No Parking Today, Inc. (224 AD3d 559, 560-561 [1st Dept 2024]). By its plain text, Administrative Code § 19-142 applies whenever a permit is issued "to use or open a street" and is not limited in application to public works projects. This Court has previously held that flagging work is "consistent with the type of qualifying work identified by the Comptroller as entitled to prevailing wages — namely, work involving a protection of public safety near a construction site" (Herman v Judlau Contr., Inc., 204 AD3d 496, 496 [1st Dept 2022]). Although the Comptroller is the only party statutorily vested with the power to enforce Administrative Code § 19-142 directly, workers entitled to prevailing wages under that provision may enforce any agreements entered into pursuant thereto as third-party beneficiaries thereof (see Ortiz v Consolidated Edison Co. of New York, Inc., 2024 WL 3086161, *31, 2024 US Dist LEXIS 103088, *90-91 [SD NY 2024]; see also Cox v NAP Constr. Co., Inc., 10 NY3d 592, 601-604 [2008]; Wroble v Shaw Envtl. & Infrastructure Eng'g of NY, P.C., 166 AD3d 520, 521 [1st Dept 2018]).
The first cause of action should not have been dismissed. Defendant San Mateo Construction Corp. agreed in the subject flagging contracts to comply with all applicable laws, which necessarily includes Administrative Code § 19-142, and the putative plaintiff class members are third-party beneficiaries of that agreement (see Filardo v Foley Bros., 297 NY 217, 225-226 [1948], revd on other grounds 336 US 281 [1949]; Machuca v Collins Bldg. Servs., Inc., 82 Misc 3d 1211[A], 2024 NY Slip Op 50281[U] [Sup Ct, NY County 2024]). The contractual disclaimers of third-party beneficiary rights are void as against public policy (see Wroble, 166 AD3d at 521; see also Weiner v Diebold Group, 173 AD2d 166, 167 [1st Dept 1991]). It does not matter, for these purposes, whether public works projects were involved because the putative plaintiff class would have a statutory right to prevailing wages under Administrative Code § 19-142 even on private projects, the forfeiture of which would be against public policy.
THIS [*2]CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025