**Vazquez v Perry Onah Enters., Inc.**

2025 NY Slip Op 32903(U)

August 20, 2025

Supreme Court, New York County

Docket Number: Index No. 152084/2023

Judge: Gerald Lebovits

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. GERALD LEBOVITS**      PART      07

*Justice*

---------------------------------------------------------------------------X

ANGIE VAZQUEZ,

            Plaintiff,

- v -

PERRY ONAH ENTERPRISES, INC. D/B/A SEC-CURITY,
J. ANTHONY ENTERPRISES, INC, CAC INDUSTRIES,
INC., TULLY CONSTRUCTION CO., INC, and ABC
BONDING COMPANIES,

            Defendants.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152084/2023 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 21, 26, 27, 34, 35, 36, 37, 38, 43, 45, 46

were read on this motion to             DISMISS          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 30, 31, 32, 33, 39, 40, 41, 42, 44

were read on this motion to             DISMISS          .

Plaintiff, Angie Vazquez,[1] brings this action against defendants, Perry Onah Enterprises, Inc., d/b/a Sec-Curity, J. Anthony Enterprises, Inc, CAC Industries, Inc., Tully Construction Co., Inc., and ABC Bonding Companies. Plaintiff seeks to recover unpaid wages, unpaid overtime, and supplemental benefits allegedly owed for work performed for defendants at public-works projects.

## BACKGROUND

New York City agencies hired defendants "to perform and/or manage construction work to be performed at the Public Works Projects." (NYSCEF No. 1 at ¶ 25.) Plaintiff alleges that she was employed by Sec-Curity from 2018 to December 2022. (NYSCEF No. 1 at ¶ 18.) Plaintiff claims she worked as a construction flagger on a number of publicly financed construction projects in New York for defendant general contractors J. Anthony, Tully, and CAC. (*Id.* at ¶ 1.) According to plaintiff, Sec-Curity was the general contractors' subcontractor. (*Id.*) Plaintiff alleges that defendants ABC Bonding Companies are corporations "engaged in the surety bonding business, and issued payment bonds in connection with all or some of the [p]ublic [w]orks [p]rojects." (*Id.* at ¶ 9.)

---

[1] Plaintiff seeks to bring this action as a class action.

[* 1]

Plaintiff contends that "a schedule of prevailing rates of wages and supplemental benefits . . . to be paid to all workers furnishing labor on the site of the Public Works Projects was annexed to and formed a part of the contracts" between defendants and the City agencies. (NYSCEF No. 1 at ¶ 29.) She alleges that defendants "paid [her] and other members of the putative class less than the prevailing rates of wages and supplements to which [she] and the other members of the putative class were entitled [to]." (*Id.* at ¶ 31.) She also claims that Sec-Curity failed to pay her overtime wages.

Plaintiff asserts five causes of action: (i) breach of the public works contracts (against general contractors), (ii) breach of the public works contracts or subcontracts (against Sec-Curity), (iii) unpaid wages (against Sec-Curity), (iv) overtime compensation (against Sec-Curity), and (v) suretyship (against ABC Bonding).

On motion sequence 001, Sec-Curity moves under CPLR 3211 (a) (1) and (7) to dismiss plaintiff's second, third, and fourth causes of action. The motion is granted in part and denied in part. On motion sequence 002, Tully moves under CPLR 3211 (a) (1) and (7) to dismiss plaintiff's first cause of action. The motion is granted.

The motions are consolidated for disposition.

## DISCUSSION

### I.  Tully's Motion to Dismiss the First Cause of Action: Breach of Public Works Contracts (Mot Seq 002)

Plaintiff claims that Sec-Curity breached its subcontract with Tully. She alleges that Sec-Curity entered into a public-works contract, that provided for prevailing rates of wages and supplements provisions, along with schedules of the prevailing rates. She asserts that Sec-Curity has not paid her the wages and supplements to which she is entitled under the agreement. Plaintiff seeks to hold Tully jointly and severally liable with Sec-Curity. (*See* Labor Law § 198-e (5) [providing that "[i]n the case of an action against a subcontractor, the contractor shall be considered jointly and severally liable for any unpaid wages, benefits, wage supplements, and any other remedies available" under Labor Law § 198.].)

Tully argues that plaintiff has alleged no facts and provided no evidence that Tully employed her. Tully also asserts that there is no privity between Tully and plaintiff. Finally, Tully contends that its subcontract with Sec-Curity was for "the hiring of Crossing Guards and not 'flaggers'" and that it does "not contain or incorporate by reference any provision requiring the payment of prevailing wages to Crossing Guards who direct pedestrian traffic." (NYSCEF No. 31 at 8.) Plaintiff argues that Tully is liable to her, because she is the third-party beneficiary of Tully's subcontract with Sec-Curity.

To state a third-party-beneficiary claim, plaintiff must plead "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [its] benefit, and (3) that the benefit to [it] is sufficiently immediate . . . to indicate the assumption by the

2

[* 2]

contracting parties of a duty to compensate [it] if the benefit is lost." (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [internal quotation marks omitted].)

Plaintiff has not shown that she was a third-party beneficiary of the subcontract between Tully and Sec-Curity. Plaintiff has not provided facts or evidence to support that she was hired to work *Tully's* public work projects. (*Cf. Perez v Long Island Concrete Inc.*, 203 AD3d 552, 553 [1st Dept 2022] [holding that plaintiffs pleaded a third-party-beneficiary breach-of-contract claim when they alleged they were supervised by one of the contract parties and paid by that party for work on that party's projects].) Plaintiff alleges only that she worked on projects for *all* general contractors. And the time sheets plaintiff submits reflect her work for CAC alone, not Tully. (*See* NYSCEF No. 37.)

Tully's motion to dismiss the first cause of action is granted.

## II. Sec-Curity's Motion to Dismiss the Second, Third, and Fourth Causes of Action (Mot Seq 001)

### A. Second Cause of Action: Breach of Contract/Subcontract

Plaintiff claims that Sec-Curity failed to pay her the wages and supplements to which she is entitled under the terms and conditions of Sec-Curity's subcontracts with the general contractors.

Sec-Curity asserts that it contracted for crossing guards, not for flaggers as plaintiff contends. Sec-Curity further contends and that those subcontracts did not include a provision requiring its employees to be paid prevailing wages. (*See* NYSCEF No 19 at 4.)

With respect to Sec-Curity's contract with Tully, section 6.52CG.S.3. of the contract provides that "[i]f any worker performing services under [crossing guard] is also assigned the task of directing construction equipment . . . or any laborer tasks, then such worker shall be deemed to be subject to the provisions of Labor Law §220 Prevailing Wage Schedule. . . ." (NYSCEF No. 18 at 7.) But as this court concluded above, plaintiff has not alleged that she worked on Tully's projects. The branch of plaintiff's claim for wages and supplements arising from Sec-Curity's subcontract with Tully is dismissed.

With respect to Sec-Curity's subcontract with J. Anthony and CAC, those agreements do not include express provisions about prevailing wages. Nonetheless, plaintiff may "rest a third-party beneficiary claim on a contractual provision that impliedly incorporate[s] prevailing-wage requirements through mandating compliance with all applicable laws." (*Machuca v Collins Building Services, Inc.*, 2024 NY Slip Op 50281[U], *4 [Sup Ct, NY County 2024], citing *Lewis v Hallen Constr. Co., Inc.*, 193 AD3d 511, 512 [1st Dept 2021].)

Section 4.2.1 Sec-Curity and J. Anthony's subcontract provides that "[t]he Subcontractor shall . . . comply with applicable laws, statutes, ordinances, codes, rules, and regulations, and lawful orders of public authorities bearing on performance of the Work of this Subcontract." (NYSCEF No. 16 at 5-6.) Section 4.3 of Sec-Curity and CAC's subcontract provides that

3

[* 3]

"[s]ubcontractor, at its sole expense, shall comply with all federal, state and local laws, statutes, ordinances, municipal codes, civil procedures, building and construction codes, common law, industry standards, rules, licenses, and regulations." (NYSCEF No. 17 at 4.) Those agreements incorporate Labor Law § 220.

Plaintiff has stated a claim for prevailing wages and supplements against J. Anthony and CAC to the extent she worked on those general contractors' projects. Plaintiff provides support only for her claim that she worked on CAC's projects; she provides timesheets reflecting that CAC signed off on her employee sign-in log. She neither alleges, nor provides evidence, that she worked on J. Anthony's projects.

The branch of Sec-Curity's motion to dismiss the second cause of action premised on subcontracts involving Tully and J. Anthony is granted. The branch of Sec-Curoty's motion to dismiss the second cause of action premised on Sec-Curity's subcontract with CAC is denied.

### B. Third cause of action: Failure to Pay Wages

Plaintiff claims that Sec-Curity violated Labor Law § 191 by failing to pay plaintiff prevailing wages and overtime payments for hours worked in excess of 40 hours per week. Sec-Curity argues that plaintiff's allegations do not fall within the scope of Labor Law § 191. Sec-Curity also contends that this cause of action duplicates the second and fourth causes of action.

A claim for nonpayment of wages, rather than late payment of wages, does not fall within the scope of Labor Law § 191 (frequency of payments). (*See Roumila v Christie's Intl. Real Estate Group, Inc.*, 2020 NY Slip Op 33043[U], *3 [Sup Ct, NY County 2020], citing *Vega v CM & Assoc. Constr. Mgt., LLC*, 175 AD3d 1144 [1st Dept 2019].) Additionally, plaintiff's claim "that defendants failed to pay agreed-upon wage and overtime compensation rates," is duplicative of her "causes of action for breach of contract and . . . overtime." (*Jara v Strong Steel Door, Inc.*, 2008 NY Slip Op 51733[U], *14 [Sup Ct, Kings County 2008].)

Plaintiff asserts that Sec-Curity's failure to pay prevailing wages and overtime payments should be treated as Sec-Curity "failing to pay Plaintiffs all of their wages earned within the week such wages were due." (NYSCEF No. 1 at ¶ 54, and NYSCEF No. 38 at 16.) The First Department has used this reasoning to justify implying a private right of action for individuals to sue on § 191 violations. (*See Vega*, 175 AD3d at 1146-1147.) But this court is not persuaded that a claim for *nonpayment* is equivalent to a claim for *untimely payment*. To hold as much would obviate the need for a separate statute about frequency of payment.

The branch of Sec-Curity's motion to dismiss the third cause of action is granted.

### C. Fourth Cause of Action: Unpaid Overtime Compensation

Plaintiff claims that Sec-Curity violated 12 NYCRR 142-2.2 by failing to pay plaintiff for overtime at a wage rate of one-and-one-half times her regular rate. Sec-Curity argues that plaintiff's claim fails to allege specific overtime details.

4

[* 4]

INDEX NO. 152084/2023

RECEIVED NYSCEF: 08/20/2025

To plead a claim for unpaid overtime wages, plaintiff must allege "that she was (1) an employee of the defendant, (2) she worked more than 40 hours per week, and (3) defendant failed to pay her certain overtime compensation to which she was entitled." (*Brown v South Nassau Communities Hosp.*, 2019 NY Slip Op 32239[U], *9 [Sup Ct, NY County 2019] [internal quotation marks omitted].)

Plaintiff alleges that she "normally worked from approximately 7:00am to 3:30pm five days per week, with an unpaid one-half hour for lunch. Occasionally, [she] was required to work until 4:00p.m. or 5:00p.m. as well as night shifts." (NYSCEF No. 1 at ¶ 21.) Plaintiff argues that "(1) [she] w[as] employed by Sec-Curity; (2) worked more than 40 hours in a week . . . and (3) that [she] w[as] not paid overtime compensation as required by NYLL for all hours [she] worked over forty in any given week." (NYSCEF No. 38 at 19 [memorandum of law in opposition].)

Although plaintiff does not detail "the particular dates or weeks" for which she "w[as] allegedly underpaid, they provide sufficient notice of her claim for overtime "based on pre-shift and post-shift worked performed." (*Rosario v Hallen Constr. Co., Inc.*, 214 AD3d 544, 544 [1st Dept 2023]; *accord Brown*, 2019 NY Slip Op 32239[U] at *11 ["[W]hile plaintiff's complaint is not overly detailed, it clearly provides notice of her claims as required by CPLR 3013, clearly pleading that she worked 40 hours per week as well as some uncompensated time in excess of the 40 hours."].)

The branch of Sec-Curity's motion to dismiss the fourth cause of action is denied.

Accordingly, it is

ORDERED that Tully's motion to dismiss plaintiff's first cause of action (mot seq 002) is granted; and it is further

ORDERED that the branch of Sec-Curity's motion to dismiss plaintiff's second cause of action to the extent it is premised on Sec-Curity's subcontracts with Tully and J. Anthony (mot seq 001) is granted; and it is further

ORDERED that the branch of Sec-Curity's motion to dismiss the second cause of action to the extent it is premised on Sec-Curity's subcontract with CAC (mot seq 001) is denied; and it is further

ORDERED that the branch of Sec-Curity's motion to dismiss the third cause of action (mot seq 001) is granted; and it is further

ORDERED that the branch of Sec-Curity's motion to dismiss the fourth cause of action (mot seq 001) is denied; and it is further

ORDERED that the balance of the claims in this action are severed and shall continue; and it is further

5

ORDERED that the parties appear for a telephonic preliminary conference on September 15, 2025; and it is further

ORDERED that plaintiff serve a copy of this order with notice of its entry on defendant and on the office of the County Clerk (using the NYSCEF document type "Notice to the County Clerk - CPLR § 8019 (c)"), which shall enter judgment accordingly.

**8/20/2025**
**DATE**

**HON. GERALD LEBOVITS**
**J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

6

[* 6]